The action was continued nisi after the argument, and the opinion of the Court was delivered at the succeeding November term in Suffolk, by
Parsons, C. J.
The counsel for the defendants have argued that, the interests of the plaintiffs in the land being several, and not joint, each of the plaintiffs should have prosecuted severally; and that because they have sued jointly, the judgment ought to be arrested.
Upon the death of the ancestor, the estate descended to all his children, they making in legal contemplation but one heir; and being considered as qua parceners, they must all have joined in a real action to recover the land, if their ancestor had died disseised; in which action summons and severance lay. Thus the law stood until the statute of 1783, c. 52. By the third section of this statute it is enacted, that in actions of waste, ejectment, or other real actions, where the possession of the inheritance, alleged to have descended, is the object of the suit, the heirs may all, or any two or more may join, or each one may prosecute for his particular share. Although this statute was repealed by the statute of 1785, c. 62, yet this provision is re-enacted in the repealing statute; and a similar provision is made for joint tenants when disseised. These provisions are confined to actions real or mixed, and do not extend to personal actions to recover damages only, which remain subject to the rules of the common law.
*Now, in personal actions tenants in common must [ * 137 ] join, and also parceners, when damages are to be recovered for a tort done to their lands, although the estate in the lands be several. Co. Lit. 198. The rule by which joinders in actions are governed, is stated in the case of Weller & Al. vs. Baker, which was cited at the bar, as extending to all cases where the damages to be recovered are joint. The same rule is also laid down in the case of Coryton vs. Lithebye, which was also cited in the argument. Thus tenants in common must join in trespass, and *116 also in nuisance. Cro. Jac. 231. (a) But they cannot join in an action for forging false deeds, for that concerns the inheritance, which is several. But they must join in detinue of charters, which also concerns the inheritance. Co. Lit. 197, b. The reason of the distinction is, that in the forged deeds the tenants in common have no interest, and can receive no prejudice from them, but as they may affect their several titles to the lands; but in the lawful title deeds each tenant in common has a property, and this property, from its nature, must be joint.
As it is well settled that tenants in common must join in detinue of charters, from a necessary analogy, founded on the same reason, they must join in an action for the destruction of their charters; for, in this case, not only their interest but the damages are joint. And if tenants in common must join, so must the heirs, by our statute of distributions; whether they be considered as tenants in common, or as resembling parceners.
But the action before us is for destroying the charter, which is the evidence of the plaintiffs’ title; and, in our opinion, they have very properly joined in demanding damages for this injury. And although trover will not lie by one or more of the heirs against the other heirs for the conversion of the charters, because each heir has an equal right to the possession of the title deeds, yet when those deeds are absolutely destroyed by some of the heirs, trespass will lie against them by the other heirs, because by their de- [ * 138 ] struction *the tenancy in common in them cannot be set up in defence. Co. Lit. 200, b. And if trespass will lie, no reason has been assigned why case' for the tort cannot as well be maintained.
The taking of a new deed from Dix appears to come within the principle of forging deeds, both cases tending to furnish evidence of a title not existing; and in this new deed the plaintiffs have no interest or property; and there seems to be no legal principle authorizing them to join in the action. But we do not consider this last fact as any part of the gravamen, but as alleged only in aggravation of damages.
Upon the whole, it is our opinion that judgment be not stayed, but that it be entered for the plaintiffs on the verdict.

 [This is not universally true. In trespass, for mesne profits, they may severally sue; and, in general, tenants in common, in personal actions for torts or injury tc real estate, may sue separately. — 1 Chitty, 6th London edition, 65, 66. — Ed.]