# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPERIOR COURT OF JUDICATURE.

--»»●◉●«««--

## STRAFFORD, SEPTEMBER TERM, 1823.

~~~

### PHILIP CHESLEY *and others vs.* BENJAMIN THOMPSON.

$\frac{3}{66}$  $\frac{9}{286}$

*Where five were seized of a mill as tenants in common, and the mill was burnt through the negligence of one of them, it was held, that the other four might jointly maintain an action on the case against the one, by whose negligence the mill was burnt.*

THIS was an action upon the case. The declaration alleged, that the plaintiffs and defendant, on the 1st January, 1821, were possessed of a certain saw mill, in Durham, in this county, and entitled to the use of the said mill in certain shares respectively ; to wit, two of the plaintiffs and the defendant were each entitled to the sole use of the mill, three, one of the plaintiffs, five, and another ten days, in every twenty-four working days ; and that while the defendant had the sole use of the mill, he so negligently kept fire there, that the mill was burnt and destroyed through his negligence.

The cause was tried here at February term, 1823, upon the general issue, and a verdict returned for the plaintiffs.

The defendant moved the court to arrest the judgment, 1st, because one tenant in common cannot maintain an action against another ; and, 2dly, because the plaintiffs ought not to have brought a joint action, but each should have had his several remedy.

*Ela* and *Mason*, for the plaintiffs.

*Mitchell* and *I. Bartlett*, for the defendant.

VOL. III.          2

Chesley
*vs.*
Thompson.

*By the court.*—It is contended, that one tenant in common cannot maintain an action against another ; and this is true to a certain extent ; but the rule is by no means broad enough to embrace the present case. For it has been held, that if two several owners of houses have a river in common between them, and one of them corrupt the water, the other shall have an action on the case. *Coke Littleton* 200, *b.* And it seems, that one tenant in common may have case for waste against another. 8 *D. & E.* 145, *Martyn vs. Knowles.* —4 *East* 110, *Heath vs. Hubbard.*—*Buller's N. P.* 34.—2 *Saund.* 47, *f. g.*—1 *Chitt. Pl.* 180, 170, 155.—15 *John.* 179. —3 *ditto* 175.—2 *ditto* 468.

In this case, the mill has been destroyed by the negligence of the defendant, and we have no hesitation in overruling this objection.

It is further contended, that as the defendant is a tenant in common with the plaintiffs, and as all the tenants in common cannot join in bringing the action, each must have his several remedy.

Had the mill been burnt by the negligence of a stranger to the title, there is no doubt, that all the owners might have joined in the action. 1 *Chitt.* 51.—2 *Wilson* 414, *Weller & a. vs. Baker.*

In *Daniels & a. vs. Daniels,* (7 *Mass. Rep.* 135) case was maintained by several tenants in common against co-tenants, for the destruction of title deeds ; and we are of opinion, that this objection also must be overruled.