Warner *v.* Abbey.

---

## ROBERT R. WARNER *vs.* ABNER B. ABBEY.

One who agrees with the owner of land to cultivate it on shares, he to have the exclusive possession of the land and the entire charge and control of the crops, retaining his own share, may, when the owner of the premises enters and removes the crops, maintain against him an action of trespass *quare clausum fregit*, and recover damages for the taking of his share of the crop as a matter in aggravation of the entry, or, waiving the entry, may maintain an action of trespass *de bonis asportatis*, or, waiving the trespass, may maintain an action of trover for the conversion.

TORT upon the following declaration :

"And the plaintiff says that the defendant on, &c., entered the plaintiff's close, situate, &c., and with the feet of divers horses and the wheels of divers carts and wagons tore up, damaged and spoiled the earth and soil of said close, and took and carried away twenty-five hundred pounds of unstripped tobacco of the plaintiff's there being, and converted the same to his own use."

"And the plaintiff says that the defendant at said South Hadley with force and arms took and carried away twenty-five hun-

dred pounds of tobacco, the property of the plaintiff, and con-verted the same to his own use."

" And the plaintiff says that the defendant at said South Had-ley, with force and arms and against the will of the plaintiff, took and carried away one equal undivided half of twenty-five hundred pounds of tobacco, the property of the plaintiff, and converted the same to his own use."

" And the plaintiff says that the defendant has converted to his own use twenty-five hundred pounds of tobacco, the property of the plaintiff."

" And the plaintiff says that the defendant has converted to his own use one equal undivided half of twenty-five hundred pounds of tobacco, the property of the plaintiff."

The answer was a general denial.

Trial in the Superior Court, before *Wilkinson*, **J.**, who allowed the defendant's bill of exceptions as follows :

" It appeared in evidence that the defendant was the owner of a farm in South Hadley, upon which was a farm-house and barn ; that during the year ending April 1, 1872, the plaintiff carried on the farm under the arrangement hereafter set forth, and occupied a portion of the house, tenants of the defendant oc-cupying the other portion ; that in November 1871 the defendant went with three wagons and four assistants to the barn on the farm, where the entire tobacco crop raised on the farm that year was hanging on the poles in a condition fit for stripping, and took down the crop and carried it away ; that the plaintiff was not present when the defendant came with his teams, but soon arrived, and, before one half the tobacco was loaded, forbade the plaintiff to remove it, and said it was not ready for division ; that the de-fendant said he did not care for his forbidding, and proceeded to load the tobacco, and carried it away about five miles from the place of removal, to the premises on which he lived ; that the plaintiff afterwards, with the consent of the defendant, went to the place to which the tobacco had been removed, and, by direc-tion of certain arbitrators between the parties whose award was never completed and rendered, stripped and cased it, and per-formed all the labor which was necessary to fit it for market

that the tobacco, except a small portion which was burned in the defendant's barn after this action was commenced, had remained ever since in the possession of the defendant.

"The defendant testified that large crops of oats, potatoes, corn, turnips and hay were raised on the farm; that the plaintiff agreed to carry on the farm in a proper manner; that each party was to have one half the crops; that the plaintiff agreed to sow twelve acres of rye upon the farm; that the plaintiff did not give him a fair division of these crops, but carried much away and sold it and put the money in his pocket, and fed the corn to his own stock, and otherwise converted and appropriated the crops; that he did not sow any rye, and that he did not carry on the farm properly, but neglected it and devoted but a portion of his labor to it. The plaintiff denied any misconduct or unfairness, and testified: 'I took the farm April 1st, 1871, at halves — a verbal bargain. I was to take the farm and stock and tools, and do all the work and have one half that was raised, one half the gain of the stock, one half of the eggs and butter. I put on one horse and one cow. No one was present when the bargain was made but ourselves. We made the bargain at his office in Chicopee. I took the farm April 1st, 1871, for one year. He said he had no experience as a farmer, and should leave the charge of the farming to me; that I was to take charge of the farming and carry it on as I thought best. He came to the farm as often as once a week. He generally came Sunday.' Upon cross-examination, he said that the whole of the contract was that the defendant was to furnish the land and stock, and he was to furnish the labor, and the proceeds were to be the joint property of both; that the defendant came every week. To the question whether or not he did not understand the defendant had an equal right with himself upon the premises, he replied, 'There was no objection made, and the defendant came when he pleased. There was no more objection to him than any other person.' Upon reëxamination, he was asked whether or not there was any arrangement as to who should keep the crops until ready for division, and he answered, 'Nothing was said about it.' The only differences in the defendant's evidence as to the bargain were that it was agreed

the plaintiff should furnish the constant labor of himself and two boys; that the defendant was to go upon the farm and get his portion of crops; that he was to direct and superintend the farming, and was to have equal rights there in all respects with the plaintiff, and the plaintiff was to have his half of the crops in compensation for his labor. The defendant further testified that he held the tobacco ready for a fair division; that the plaintiff had taken all the rest of the crops, and he was informed was about to sell all the tobacco, and for that reason he took it; that the barn was a very large one, and the plaintiff was to use as much as he needed. The plaintiff, being recalled, testified he understood he was to have all the barn, but that nothing was said about it in the bargain.

" The plaintiff claimed to recover for one half of the tobacco taken, and damages for breaking and entering the close.

" The defendant asked the court to rule upon the whole evidence as follows: 1st. There is no evidence in the case to warrant a verdict for the plaintiff. 2d. The plaintiff cannot recover upon the pleadings in the case. 3d. There is no evidence to support the first count. 4th. There is no evidence to support the counts for trespass *de bonis.* 5th. There is no evidence to support the counts in trover. 6th. If the plaintiff, previous to the taking of the tobacco by the defendant, had sold and converted to his own use portions of the crops belonging to himself and the defendant, and had deprived the defendant of his share thereof, and did not fairly divide said crops nor the proceeds thereof, the defendant had the right to enter upon the premises and take the tobacco into his own possession, if he could do so peaceably. 7th. If the plaintiff did agree with the defendant to carry on the farm as aforesaid in a proper manner, and to sow a certain number of acres of rye, and did not do so, the defendant had the right to enter for that reason and take possession of the tobacco, if he could do so peaceably.

" The court refused the aforesaid instructions, and submitted the case to the jury for their determination. In all other respects than as aforesaid the instructions given were not objected to. The jury found for the plaintiff, and, in answer to the court,

stated the verdict included damages under all the counts of the declaration."

*M. P. Knowlton*, for the defendant.

*S. T. Spaulding*, for the plaintiff.

ENDICOTT, J. The defendant requested the court to rule that there was no evidence to support the several counts of the declaration, and that the plaintiff could not recover. The several counts are for one and the same cause of action. The first count is in the nature of trespass for breaking and entering the plaintiff's close and carrying away a quantity of tobacco, the property of the plaintiff; the second and third counts, of trespass *de bonis* for taking the tobacco with force and converting it to the defendant's use; the fourth and fifth counts, of trover for converting the same to the defendant's use. The two counts in trespass *de bonis* and the two in trover differ only in the quantity of tobacco alleged to have been taken. The plaintiff claimed to recover only the value of one half the tobacco so taken. Any facts sufficient to support an action of trespass *quare clausum*, with the aggravation alleged of removal of personal property, will also support an action of trespass *de bonis*, and an action of trover for conversion of the same property; because a party may waive the trespass *quare clausum* and rely upon either of the other forms of action, or waive the trespass *de bonis* and rely upon the count in trover. But facts that would support trespass *de bonis* would not necessarily support trespass *quare clausum* ; *Eames* v. *Prentice*, 8 Cush. 337; and facts that would support trover would not necessarily sustain either action of trespass. As the judge refused the defendant's request and put the case to the jury on all the counts and the jury found upon them all, it is only necessary to determine whether there was evidence that the jury might properly consider in support of the count for trespass *quare clausum.*

In construing contracts for the cultivation of land at halves, it is impossible to lay down a general rule, applicable to all cases; because the precise nature of the interest or title between the contracting parties must depend upon the contract itself, and **very** slight provisions in the contract may very materially **affect**

the legal relations of the parties and their consequent remedies for injuries as between themselves. In some cases, the owner of the land gives up the entire possession, in which event it is a contract in the nature of a lease with rent payable in kind; in other cases, he continues to occupy the premises in common with the other party, or reserves to himself that right, and so a tenancy in common to that extent is created, and each is entitled to the joint possession of the crops, or the possession of the one is the possession of the other, until division; or he may retain the sole possession of the land, and the other party may have the right to perform the labor and receive half the crops as compensation; or the two parties may become tenants in common of the growing crops, while no tenancy in common as such exists in the land. *Chandler* v. *Thurston*, 10 Pick. 205. *Walker* v. *Fitts*, 24 Pick. 191. *Merriam* v. *Willis*, 10 Allen, 118. *Delaney* v. *Root*, 99 Mass. 546. *Cornell* v. *Dean*, 105 Mass. 435.

If the relation of tenants in common in the land or crops exists between the parties by virtue of their contract, on familiar principles trespass *quare clausum* or *de bonis asportatis* would not lie; and trover for conversion of the share of one party in the crops by the other can be maintained only where there is such destruction, sale or other disposition of the crops by the one, that the other party is precluded by that act from any further enjoyment of it. *Daniels* v. *Daniels*, 7 Mass. 135. *Weld* v. *Oliver*, 21 Pick. 559. *Burbank* v. *Crooker*, 7 Gray, 158. *Delaney* v. *Root*, 99 Mass. 546. In this case, the tobacco taken being in the possession of the defendant at the time the action was brought, trover does not lie if the parties were tenants in common. If, therefore, such was the relation of the parties under their contract, this action could not be maintained on either count. But where, on the other hand, the owner parts with his entire possession of the land to his lessee or tenant, and is to receive his half by way of rent in kind, the relation of tenants in common does not exist; but it is that of lessor and lessee. The lessor has no right to disturb the lessee in his possession or to interfere with or take his half, for, the possession of the land being in the lessee, **the** property in the crop must necessarily follow the interest in

the land, until the time for division. *Chandler* v. *Thurston*, 10 Pick. 205. *Cornell* v. *Dean*, 105 Mass. 435. The case of *Lewis* v. *Lyman*, 22 Pick. 437, was decided upon the construction of a written lease, and is not applicable here either in its facts or reasoning. In such case, therefore, the lessee or tenant could maintain trespass *quare clausum* for injury to the possession of real estate, with an aggravation of the same by the taking of personal property, and could equally maintain trespass *de bonis* or trover for the taking of the same property.

We come, therefore, directly to the question whether there was evidence for the jury that would sustain an action for trespass *quare clausum*. There was evidence tending to show, and from which the jury could infer, that by the contract the plaintiff was for one year to have exclusive possession and control of the farm, stock, tools and buildings, except a portion of the house which was occupied by other tenants of the defendant, and that he was also to have the entire charge of the farming and the way in which it should be carried on, and to retain one half of all the crops, including eggs and butter, and to have one half of the gain of the stock, the other half to go to the defendant. This evidence was contradicted by the defendant, but it was for the jury to decide between them. From these and other facts stated in the exceptions, there was evidence bearing upon the relation of the parties to each other, and their respective rights in the land and crops, proper for the consideration of a jury. This is the only question reserved for us to determine upon this part of the case. The finding of the jury negatives the defendant's claim that they were tenants in common, and establishes the fact that the defendant had no right to enter and take the tobacco. The other instructions given were not objected to, and it is to be presumed they were full and correct upon all points affecting the rights of the parties, including the instructions as to the time when particular crops or produce would be considered ready for division, and in what manner they should be delivered by the plaintiff and taken by the defendant.

We think, therefore, the first five prayers for instructions were properly refused. As to the sixth and seventh, they were predi-

cated upon the jury finding that the plaintiff and defendant were tenants in common, and that the defendant had the right to enter and have equal rights in the crops with the plaintiff. The jury having found that he had not, they become immaterial.

*Exceptions overruled.*