No. 9953.

## CARDWILL, ADMINISTRATOR, *v.* GILMORE.

BILL OF EXCEPTIONS.—*Time of Filing.*—*Exceptions.*—Where a cause is tried at one term and taken under advisement and decided at a subsequent term, a bill of exceptions signed and filed at the latter term is insufficient to bring into the record an exception to the court's decision at the former term refusing leave to amend the complaint, and rulings excluding evidence, no time being given at such term to prepare and file a bill after the term.

SAME.—In such case, a bill filed on leave and within the time granted at the term when the case is decided brings into the record the evidence, but is not sufficient to save any exception taken at the prior term.

REPLEVIN.—*Surrender of Property.*—*Nominal Damages.*—Where, in an action of replevin, by the admission of the defendant, testifying as a witness, that he had surrendered part of the property sued for after the commencement of the suit, there being no other evidence, there should be a finding that the plaintiff is entitled to its possession and to at least nominal damages for its detention.

From the Floyd Circuit Court.

*E. G. Henry* and *J. H. Stotsenburg,* for appellant.

*A. Dowling,* for appellee.

BICKNELL, C. C.—This was an action of replevin by the appellant against the appellee, to recover the possession of personal property belonging to the estate of his decedent, and alleged to be unlawfully detained by the appellee.    The complaint demanded the possession of the property, and $500 damages for its detention.    The sheriff's return upon the writ

of replevin showed that, after the writ came to his hands, the defendant delivered to the plaintiff part of the property described in the complaint. The return further showed that no other property could be found. The defendant answered by a general denial. The issue was tried by the court at February term, 1881.

The cause was taken under advisement, and at the May term, 1881, to wit, on the 4th of June, 1881, the plaintiff tendered his bill of exceptions No. 1, which was signed by the judge. This bill set forth that, at the trial at the preceding term, the plaintiff asked leave to amend his complaint, which the court refused, to which refusal the plaintiff at the time excepted. The bill also set forth several rulings of the court, excluding evidence offered by the plaintiff; but no bill of exceptions was filed at February term, nor was any time given at that term to prepare and file the bill afterwards. Therefore, this bill of exceptions No. 1 presents no question as to the refusal to grant leave to amend the complaint. *Alcorn* v. *Morgan,* 77 Ind. 184; *Goodwin* v. *Smith,* 72 Ind. 113 (37 Am. R. 144). And it presents no question as to the rulings upon the evidence offered. *Sohn* v. *Marion, etc., G. R. Co.,* 73 Ind. 77; *Backus* v. *Gallentine,* 76 Ind. 367; *Pitzer* v. *Indianapolis, etc., R. W. Co.,* 80 Ind. 569. At the May term, 1881, the court found for the defendant, overruled the plaintiff's motion for a new trial, and rendered judgment against the plaintiff for costs.

The plaintiff appealed, assigning errors as follows:

1. The court erred in overruling the motion for a new trial.

2. The court erred in refusing permission to appellant to amend his complaint.

When the motion for a new trial was overruled, at the May term, 1881, the plaintiff obtained sixty days time within which to prepare and file a bill of exceptions, and within that time his second bill of exceptions was filed, setting out all the evidence, together with the same matters presented in bill of exceptions No. 1, and other rulings of the court at the trial. For the purpose of bringing the evidence into the record, this

second bill of exceptions was sufficient. *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110. But it was not sufficient to save any exceptions taken at the prior term of court when the trial was had. It follows that the second specification in the assignment of errors, and the eighth reason for a new trial, both of which allege error in the refusal of the court to permit an amendment of the complaint, can not be considered. And the same is true of the fourth, fifth, sixth, seventh, ninth and tenth reasons for a new trial, which allege error of the court in its rulings upon the admission and rejection of evidence.

The only matters embraced in the first specification of the assignment of errors, which are properly presented, are the first three reasons for a new trial, to wit, that the finding was not sustained by sufficient evidence, and was contrary to the evidence, and contrary to law.

It appeared in evidence that part of the property demanded in the complaint was surrendered by the defendant to the plaintiff after the commencement of the suit. As to this property, the defendant stated as a witness, "I surrendered to administrator, Mr. Cardwill, after demand, the $3,000 McKee mortgage, and four interest notes $60 each, the Stewart mortgage and note $600, the Redman note $635; I turned over everything that belonged to mother's estate after the commencement of this suit." There was no evidence in conflict with this admission. Therefore, as to this property there should have been a finding that the plaintiff was entitled to the possession of it, *Chissom* v. *Lamcool,* 9 Ind. 530; and he was entitled to nominal damages, at least, for the wrongful detention of it.

The court, therefore, erred in overruling the motion for a new trial. The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.