CITIZENS' NATIONAL BANK *vs.* JONATHAN OLDHAM.

Suffolk.   Nov. 20, 1883. — Feb. 29, 1884.   C. ALLEN & HOLMES, JJ.,
absent.

Replevin cannot be maintained against an attaching officer by a mortgagee of the
attached property, without proof that he has given to the officer, when demand-
ing payment of the amount due on the mortgage, a statement containing "a
just and true account of the debt or demand for which the property is liable to
him," as required by the Gen. Sts. c. 123, § 63.

Depreciation in value of property replevied, by reason of its not being in as good
condition at the time of the trial as when replevied, does not constitute an
element of damage which the defendant is entitled to recover, except in a suit
upon the bond.

REPLEVIN of six United States mail wagons.  Trial in the
Superior Court, before *Brigham*, C. J., who allowed a bill of
exceptions, in substance as follows:

The defendant is a deputy sheriff, and seized and held the
wagons as the property of Hiram Littlefield, by attachment
under a writ duly brought against him and A. E. Boone, which
action is still pending in this court.  The date of the attach-
ment was October 10, 1881; and of the replevin writ, and taking
under it, October 27, 1881.  The plaintiff claims under a mort-
gage made to it by said Littlefield; and it contends that this was
either duly recorded, or that, at the time of attachment, the prop-
erty was in the possession of the plaintiff for condition broken.

The defendant, called as a witness by the plaintiff, testified
that he could not say whether he received notice of the mort-
gage; that he was under the impression that he had a notice,
and, if he had one, it was in writing; that, if he had it, he gave
it to the attorney of the attaching creditor; that he could not
swear what notice he did have; that he thought he received a
mortgagee's notice; that he was familiar with such notices, and
his impression was that it was sufficient; that he had been noti-
fied to produce such a notice, had searched for such a notice, and
could not find it; and that, on the next day after the attach-
ment, the fact of the mortgage was talked of and considered
in his hearing between the plaintiff's agent, said Boone, and
the attorney of the attaching creditor, with reference to a set-
tlement.   This defendant's attorney, who was also the attorney

of the attaching creditor, was notified before trial to produce a notice of said mortgage and demand, but did not do so, and said he had never received one. There was no other evidence in respect to notice and demand.

The plaintiff's evidence also showed that the wagons replevied had been in constant use, since the taking by replevin, in transporting the United States mails to and from the post-office and railroad stations in Boston.

The defendant, against the plaintiff's objection, introduced evidence tending to show that the wagons replevied were not now in as good condition as when taken by the replevin, and on that account were of less value; and evidence of the amount of such depreciation; and offered no evidence of other damage, excepting of use and want of repair.

The judge instructed the jury that the defendant, being a deputy sheriff, and having, on a sufficient writ, attached the replevied property, the plaintiff, being mortgagee of the same property, having failed to state, in writing, and deliver to the defendant, a just and true account of the debt for which the attached property was liable to the mortgagee, had a right, until such a statement was made and delivered to him, to hold the possession of such attached property, and the same could not be replevied by the mortgagee under its mortgage; that the plaintiff could not maintain this action; and that special damages to the attached property, arising out of plaintiff's treatment of it, after it was replevied, either by the use of it so as to cause wear and deterioration, beyond that which would arise from keeping it with ordinary care, or the neglectful custody of it, so that it could not be restored to the attaching officer in substantially the same condition in which it was when taken from him by replevin, might be recovered, but no interest on the value of the replevied property.

The jury returned a verdict for the defendant for $400; and the plaintiff alleged exceptions.

*E. O. Shepard*, for the plaintiff.

*S. J. Thomas*, for the defendant.

W. ALLEN, J. The burden was upon the plaintiff to prove that it had made the demand and given the notice prescribed by the Gen. Sts. c. 123, §§ 62, 63, (Pub. Sts. c. 161, §§ 74, 75,)

which provide that the mortgagee " shall, when demanding payment of the money due to him, state in writing a just and true account of the debt or demand for which the property is liable to him, and deliver it to the attaching creditor or officer."

There was evidence, sufficient to submit to the jury, tending to prove that a notice in writing was delivered to the officer, which contained a statement purporting to be of a debt for which the mortgagee claimed that the property was liable to it, and which was sufficient in form; but there was no evidence that the statement was a just and true account of a debt for which the property was liable.

It is not the case of a demand upon a debtor for the payment of a debt. The attaching creditor is a stranger to the debt, and it is because he is called upon to pay the debt of another, of which he has no knowledge, and for his information and protection, that the statute requires the mortgagee to accompany his demand with a just and true account of the debt. No inference that the account was correct, or that the debt was due, can be drawn from the fact that no objection was made by the attaching creditor or officer; he was not called on to object; and his testimony or admission that a statement was given to him cannot be evidence that it was a true statement. Nor is there any presumption, from the fact that a mortgagee made and delivered a statement, that it was true. The statute does not require the attaching creditor to pay what may be claimed in due form by the mortgagee, but only to pay a debt for which the property is liable, and of which a just and true statement has been made to him. See *Bicknell* v. *Cleverly,* 125 Mass. 164, and cases there cited. The burden was upon the plaintiff to prove, not only that it made a demand and delivered a statement sufficient in form, but that there was a debt for which the property was liable, and that the statement contained a just and true account of that debt. The court properly held that there was no evidence that such a statement had been delivered.

The defendant was allowed to prove, and to recover damages for, the depreciation in value of the property replevied on account of its not being in as good condition at the time of the trial as it was when replevied. The damages recoverable by the defendant are for the taking by the replevin. Gen. Sts.

*c.* 143, § 13. The condition of the replevin bond is to return the property in case such shall be the final judgment. § 3. This means to return it in like good order and condition as when taken; and, if the property should not be in such condition, the defendant would not be obliged to receive it, but could recover its value upon the bond. The court erred, therefore, in allowing such deterioration in value as damages to be recovered in the replevin suit. The defendant's remedy is upon the bond. The matter was so fully considered in *Stevens* v. *Tuite*, 104 Mass. 328, that it is only necessary to refer to that case.

Upon the question of damages only, the exceptions are sustained; and, as there was no evidence of damages for the taking, if the defendant will remit all but nominal damages, the entry will be exceptions overruled; otherwise, exceptions sustained; new trial as to damages only.

*Ordered accordingly.*