JOHN L. JARVIS & another *vs.* FITZ EMANIST DePEZA.

Middlesex.   January 27, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Owners in Common.   Replevin.   Damages*, In action of replevin.

An action of replevin for possession of an automobile cannot be maintained by one owner in common of the automobile against his co-owner, the plaintiff not being entitled as against the defendant to the immediate and exclusive possession of the automobile.

Where, in an action of replevin of an automobile, it appears that, the parties being co-owners, the defendant is entitled to judgment, but there is no evidence warranting an assessment of substantial damages suffered by the defendant, it is proper to order a judgment for the return of the automobile to the defendant and the payment to him by the plaintiff of $1.

REPLEVIN for the recovery of an automobile. Writ in the Third District Court of Eastern Middlesex dated June 11, 1923.

Material evidence, findings and rulings by the judge of the District Court, and the decision of the Appellate Division for the Northern District on a report are described in the opinion. The plaintiffs appealed from the order of the Appellate Division.

The case was submitted on briefs.

*C. L. Raysor*, for the plaintiffs.

*J. F. Ryan*, for the defendant.

CROSBY, J.  This is an action of replevin brought in the Third District Court of Middlesex County to obtain possession of an automobile which the plaintiffs and the defendant owned jointly.  The trial judge found for the defendant, and also that he was entitled to a return of the property.  He further found that as the parties owned the car jointly, the defendant was not entitled to damages. The Appellate Division ruled that no prejudicial error appeared in the record other than the refusal of the trial judge to award the defendant nominal damages, and ordered judgment for the defendant, the return of the automobile, and damages in the sum of $1 to be entered for the defendant.

Since the parties owned the property in common, each had the right equally with the other to its possession: the plaintiffs were not entitled to the immediate and exclusive possession of the car as against the defendant, and the court correctly ruled that they could not recover.  *Leonard* v. *Whitney*, 109 Mass. 265, 269.

The Appellate Division also rightly ruled that the defendant was entitled to recover nominal damages.  Such damages are for the taking by the replevin.  G. L. c. 247, § 9.  *Citizens' National Bank* v. *Oldham*, 136 Mass. 515.  If no actual or substantial damages are shown, a finding for the defendant establishes the fact that as the plaintiffs have invaded the defendant's right to the property replevined, the law implies that he is entitled to nominal damages.  *Smith* v. *Whiting*, 100 Mass. 122.  *Citizens' National Bank* v. *Oldham, supra. Whitman* v. *Merrill*, 125 Mass. 127, 130.  See also *Stowell* v. *Lincoln*, 11 Gray, 434; *Seabury* v. *Ross*, 69 Ill. 533; *Cardwill* v. *Gilmore*, 86 Ind. 428; *Starkey* v. *Waite*, 69 Vt. 193. Sedg. Damages, § 529.

The contention of the defendant that he is entitled to substantial damages cannot be sustained: the evidence is not reported, and there is nothing before us to show that he suffered any damage in excess of the amount awarded.  The requests, except so far as given, were rightly denied.

*Order dismissing report affirmed.*