CHARLES WARD JOHNSON, executor, *vs.* ELSIE L. NOURSE.

Worcester.     September 27, 1926. — March 1, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Actionable Tort.  Conversion.  Joint Tenant.  Conservator.*

A conservator of the estate of one of two owners of deposits in savings banks and of a deposit in the "interest department" of a national bank, which either of the two could draw upon at will to such extent as he desired, and which were to belong in severalty to the survivor, the books evidencing the deposits being kept in a place accessible to both from which either could take them at will, has not the exclusive right to the possession of the books and, upon the other owner refusing to deliver them to him upon his demand, not shown to have been made in accordance with a desire of his ward or for his ward's necessities, an action of tort for conversion of the books cannot be maintained against such coöwner in the name of the ward.

CONTRACT OR TORT, two counts being for conversion of two savings bank books and of one book in the "interest department" of a national bank, and a third count being for

money had and received by the defendant to the use of the plaintiff. Writ dated October 4, 1922.

The action was begun in the name of Lucy C. Bemis "by her conservator." Lucy C. Bemis subsequently died and the executor of her will was admitted to prosecute the suit.

The action was tried before *Macleod*, J. Material evidence and exceptions saved by the plaintiff at the trial are described in the opinion. The jury found for the defendant. The plaintiff alleged exceptions.

*D. Whitcomb*, (*C. B. Rugg* with him,) for the plaintiff.

*R. B. Dodge*, for the defendant.

WAIT, J. It is conceded that the jury were warranted in finding that the defendant was owner with Mrs. Bemis, the plaintiff's testator, of three bank deposits which either at will could draw upon to such extent as she desired and which were to belong in severalty to the survivor; that the books evidencing the deposits were kept in a place accessible to both, from which either could take them at will; and that from the time the joint interest was created no withdrawals had been made. See *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499. There is no dispute that occasion arose and that a conservator of the property of Mrs. Bemis was appointed, who demanded possession of the books; that the defendant thereupon removed them from the place where they had been kept, placed them with her counsel and re-fused to deliver them to the conservator. The conservator, shortly thereafter, brought this action in the name of Mrs. Bemis, and declared in contract and in tort, seeking recovery of the amount of the deposits. Pending trial, Mrs. Bemis died. Her executor was admitted to prosecute the action. At the trial he elected to stand upon a count in tort, which alleged that the defendant had converted the books and the money which they represent. The jury found for the defendant. The plaintiff now contends that the judge was in error in refusing to direct a verdict in the amount claimed, and in refusing to instruct the jury that upon all the evidence, as matter of law, the verdict should be for him in the amount of the three deposits with interest from the date of the de-mand made by the conservator; or for one half the sum of

the deposits.    He admits that it is well settled that one joint
tenant cannot maintain trover against another, since both
are equally entitled to possession and the possession of one
is the possession of both; but asserts that this case falls
within the decisions that where one misuses the joint prop-
erty by appropriating it to uses for which it was not designed
or refuses to apply it to the purposes for which it was held
by both, trover may be maintained.

There is authority for holding that trover will lie by one
joint tenant against another where the latter has completely
ousted the former and wholly deprived him of the benefit of
the property.    *Weld* v. *Oliver*, 21 Pick. 559.    *Delaney* v.
*Root*, 99 Mass. 546.    *Needham* v. *Hill*, 127 Mass. 133.

The evidence here would not justify a jury in finding such
ouster and deprivation.    The defendant simply refused to
give the conservator possession of the books.    Refusal of
possession is not enough to justify recovery.    *Jarvis* v.
*DePeza*, 251 Mass. 447.

There is no evidence that Mrs. Bemis desired possession,
or that any necessity existed for a use of the deposits by the
conservator to meet her necessities.    So far as appears the
demand by the conservator was for exclusive possession of
the books.    His demand was not limited to permission to
use the books for the withdrawal of any money which Mrs.
Bemis wished to have or which was needed by him for ex-
penditure in her behalf.    The denial was not shown to
extend beyond a refusal to yield exclusive possession to the
conservator.    The conservator had no title to the property
of the ward.    *Rollins* v. *Marsh*, 128 Mass. 116.    *Simmons*
v. *Almy*, 100 Mass. 239.    See *Day* v. *Old Colony Trust Co.*
228 Mass. 225.    His authority to use it was limited by
her necessities.    We find no case which has upheld power
in a conservator or guardian to insist upon action by the
ward which is not desired by the ward or not required by
the ward's necessities.    Mrs. Bemis had no right of posses-
sion greater than the right of the defendant unless she wished
to use the books for the purpose of withdrawal of all or part
of the deposits.    The rights of the parties were not exactly
the rights of joint tenants, as is pointed out in *Marble* v.

*Treasurer & Receiver General,* 245 Mass. 504. Mrs. Bemis had a right if she wished to withdraw and use the whole for her own benefit and was not limited in right to a half interest.

A conservator, except as to the custody of the person, has the rights and duties of a guardian of an insane person, G. L. c. 201, § 20. Lord Hardwicke, in *Ex parte Annandale,* Ambler, 79, 80, declared: "In cases of lunacy, the first care of the Court is the maintenance of the lunatic; and after that, it is a rule never departed from, not to vary or change the property of the lunatic, so as to affect any alteration as to the succession to it." See *Attorney General* v. *Marquis of Ailesbury,* 12 App. Cas. 672, 688.

The contention here made implies an obligation on the part of the conservator to deprive a joint owner, if he could, of the right which she had to use the whole of the deposits as she pleased and of the chance of acquiring by survivorship what Mrs. Bemis did not use — an obligation resting upon him, that is, to do the very thing which, in this action, he alleges the defendant has done and seeks recovery against her for doing. In the absence of occasion for use of her property to meet the needs of his ward, no such duty existed.

There was no such ouster of Mrs. Bemis, or of her conservator, that suit can be maintained.

*Exceptions overruled.*