Rollins, J..
In this action of tort in the nature of traver, the plaintiff seeks to recover eight hundred dollars for the alleged conversion by the defendant of a quantity of household furniture, fixtures and appliances used in a lodging house.
The uncontroverted evidence discloses the following facts:
About March, 1940 the plaintiff told the defendant he would set her up in the lodging house business. He procured one Dupuy to convey to the defendant, by a bill of sale, the contents of a lodging house which Dupuy had been conducting. Other appliances and chattels suitable for a lodging house were sold and delivered to the defendant. All the purchase money was provided by the plaintiff.
Thereupon the parties entered upon the premises formerly occupied by Dupuy and a lodging house was then carried on.
About a year later a change of ownership of the real estate necessitated the removal of the lodging house busi *330 ness to a new location with more limited accommodations. At this time some of the surplus equipment was given away and a certain other portion was sold for $50 which was equally divided between the parties. After the business had been conducted a few months at the new location, the plaintiff went elsewhere to live.
When the parties lived together the. defendant collected the rent from the lodgers and used it so far as it was adequate to meet the operating expenses of the enterprise. The plaintiff received his sustenance and sometimes advanced money to meet deficits. He also did some work on the place.
The defendant testified that “her relations with the plaintiff were on a 50-50 basis”.
The defendant seasonably filed five requests for rulings. The trial court refused the first three, allowed the last two, found for the plaintiff in the sum of four hundred dollars arid filed the following memorandum:
“I find, the plaintiff and defendant entered into a joint enterprise of operating- a lodging house, that the plaintiff purchased with his own money certain merchandise, the subject of this action, that he took receipts for the same in the name of the defendant alone, that he and she occupied and operated the said house together for some time, the defendant did not contribute any money to the joint endeavor. Trouble developed and the parties agreed to separate and divide the property in question on the basis as the defendant says ‘fifty-fifty’, there was part performance of this agreement, when some of the property was sold for $50.00 the same was divided ‘fifty-fifty’ $25.00 to each. I find the bill of sale of some of property ran from Duprey to the defendant, at the expressed request of plaintiff, he financing the transaction in its entirety. I.find at no time was a gift ever made from the plaintiff to the defendant, but I do find however that both parties agreed that their respective interest amounted to 50%. This agreement was arrived at and agreed to when they decided to go their respective ways.
*331 I find as a fact that at the time of the alleged conversion the plaintiff had complete property in an undivided one-half interest in the property in question, and actual or the right to possession in common with the defendant”.
• The evidence, viewed in its aspect most favorable to the plaintiff, shows at most that the plaintiff and defendant were tenants in common of the furniture, fixtures and appliances, each owning an undivided half interest.
It is well settled in this Commonwealth that to maintain an action of tort in the nature of trover the plaintiff must, at the time of conversion, have the complete property, either general or special and actual possession or right to immediate possession of the personal property. Judkins vs. Tuller, 277 Mass. 247, 250. Bacon vs. George, 206 Mass. 566, 570.
Accordingly “one tenant in common cannot maintain an action of tort in the nature of trover against his cotenant for the mere act of withholding from him the use of the chattel, the rights of both being such, that he who has the possession cannot be guilty of conversion by retaining it”. Weld v. Oliver, 21 Pickering, 559, 562. See also Johnson v. Nurse, 258 Mass. 417, 419 and Jarvis v. Di Pisa, 251 Mass. 447, 448.
It is true that where one tenant in common of chattels destroys them, sells them, or so appropriates them to his own use as to render any future enjoyment of them by his cotenant impossible the cotenant may maintain the action. Needham v. Hill, 127 Mass. 133, 135.
But in the instant case the defendant did none of these things. She merely refused to surrender possession of the chattels.
The issue in this case was properly raised by the defendant’s fifth request for ruling. It reads as follows:
*332 “To maintain an action for conversion, the plaintiff must have had at the time of the alleged conversion, the complete property either general or special and actual possession or the right to immediate possession of the personal property involved”.
The trial judge properly allowed this request and so properly instructed himself as to the law. But he failed to apply it to the facts and disregarded and violated it by finding for the plaintiff. Such action was prejudicial error.
It is unnecessary to consider the other requests or other aspects of the case.
The finding for the plaintiff is to be vacated and a finding* for the defendant entered.