Rollins, J.
This is an action of contract brought by an insane person, by her temporary guardian, against a savings bank to recover the full amount of a deposit of $2042.79 *58 and interest. The account stood in the name of “Daniel F. Carney and Mary A. Sullivan, in joint account, payable to either or the survivor.”
At the suggestion of the bank Daniel F. Carney was made a party defendant and he appeared and answered.
The evidence, which is very voluminous, tends to establish the following facts:—
On April 6, 1946, the plaintiff, a single woman, whose next-of-kin were several first cousins once removed, had a deposit of $2012.50 in the defendant bank. This account stood in her individual name and consisted of money deposited by her from her own funds. On this day the plaintiff asked Carney, a relative, a son of one of her next-of-kin, to go with her to the bank. This he did. Previously, about February Í6,1946, the plaintiff told Carney that she wished to open a joint account with him at the bank, the amount to be used if necessary for her support and if anything was left he was to have it.
At the bank the plaintiff ordered her account there transferred to a joint and survivor account with Carney. This was done and a new'book was issued." Both signed signature cards. The plaintiff handed the new book to Carney for his examination. He looked at it, held it in his hands while he signed the .signature cards .and then returned it to the plaintiff:': That was the only time he had possession of the book. . ...
On February 13,1947, the defendant was committed to the Boston State Hospital as an insane person and shortly thereafter Golda R Walters was appointed her temporary guardian. She is hereinafter called guardian. At the time of her appointment, the guardian came into possession of the following property of her ward, the plaintiff: (1) an annuity- contract- of the John Hancock Mutual Life Insur- • an'c'e Company, ■ paying ■ the plaintiff $113.28 monthly for *59 life; (2) about eight checks of $113.28 each, totalling about $906.24. These were monthly payments that had been previously made on the annuity; (3) a joint account of the plaintiff and Carney in the Union Savings Bank of Boston. As a result of a suit commenced and concluded before the beginning of this action, the plaintiff acting through the guardian had collected the account amounting to $1029.64; (4) the joint account, which is the subject, to this suit, amounting, to $2042.79.
The plaintiff since her commitment, has remained in the Boston State Hospital. The cost of her care there is $10. per week or roughly $45. a month. The monthly annuity is ample to care for the hospital expenses, clothing and incidental expenses of the plaintiff.
There is no evidence, or even allegation, that the joint account in the defendant bank, or any part of it, is needed for the maintenance of the plaintiff.
On March 1, 1948, the guardian notified the bank of her appointment and left a withdrawal order for the payment of $554.29 to the Massachusetts Department of Mental Health. After the bank refused to honor this order the guardian caused the instant action begun to recover the entire deposit.
The plaintiff filed 16 requests for rulings of law. The trial judge acted upon all the requests, in some instances with explanations, made special findings of fact and entered a finding for the defendant bank.
Among the special findings of fact were the following:—
“ . . . I find that she (the plaintiff) had, although retaining the right of withdrawal, made a completed gift of the book in question to Carney accompanied by a request that the funds be used for her support if neces- ... sary and there was a completed contract between Miss Sullivan, Mr. Carney and the bank. I find as a fact that the guardian had ample funds applicable for the *60 ward’s current needs without withdrawal from the bank . . . There was no reason disclosed making the disturbance of the status of the ward’s estate which this withdrawal could cause, necessary either for the support of the ward or for the services of the guardian.”
The plaintiff claiming to be aggrieved by the trial court’s action upon her requests for rulings, with the exception of numbers 7, 9 and 16, the case is reported to this Appellate Division for determination.
The plaintiff, on April 6,1946, legally changed her deposit of money in the defendant bank to a joint account of herself and the defendant Carney. This change operated as a present and complete gift in joint ownership. The reservation of the right of withdrawal did not impair the validity of the gift. Coolidge v. Brown, 286 Mass. 504, 507.
It is the law of this Commonwealth, following that of England, that a guardian of an insane person, if it is not necessary for the maintenance of his ward so to do, cannot use or change the property of his ward so as to effect any alteration to the succession of it. Johnson v. Nourse, 258 Mass. 417, 420.
The joint account in the defendant bank, if unused by the plaintiff during her life, would, at her death, pass to the defendant Carney if he survived her. The withdrawal of the account by the guardian and the spending or investment of it might not actually deprive Carney of his rights as above,- because after the death of the plaintiff, Carney might enforce them by a petition in. equity as done in Coolidge v. Brown, supra. But such withdrawal and disposition of the money ;in the joint account, would certainly hinder and delay Carney in the' enforcement of his rights and would improperly saddle on him the expense of litiga *61 tian. The rule of law set forth in Johnson v. Nourse, supra, applies here and governs this case.
We do not deem it necessary to consider in detail the plaintiff’s requests for rulings. There was no material, prejudicial error in the action of the trial judge on these requests and the Order must be Report Dismissed.