## Munson *v.* Wray.

7b 403
141 58

The following writing signed by *A.* was delivered by him to *B.* : "Rec'd of *B.* three dollars and fifty cents for the rent of my brick-house in *Covington* for one month, with the privilege of keeping it six months at the same rate. No. 91 or 95. *Dec'r* 1st, 1843." *Held,* that this was a lease of the premises given upon an executed consideration by *A.* to *B.* for one month from the date, and from month to month for five months longer, if *B.* should pay *A.* at the commencement of each month three dollars and fifty cents for rent.

ERROR to the *Fountain* Circuit Court.

Dewey, J.—*Wray* filed a complaint before two justices of the peace against Mrs. *Munson* for holding over her term as tenant. The complaint contains three counts, the first charging the tenancy to be at will, the second by sufferance, and the third that the defendant procured the possession of the premises by fraud. It does not appear that the defendant put in any plea, but as the cause was tried before the justices, and in the Circuit Court on appeal, not guilty must be

presumed to have been pleaded. The complaint was filed in *February*, 1844. Verdict and judgment for the complainant.

On the trial, the defendant gave in evidence an instrument in writing, signed by the complainant, as follows, to wit, "Rec'd of Mrs. *Munson* three dollars and fifty cents, for the rent of my brick-house in *Covington* for one month, with the privilege of keeping it six months at the same rate. No. 91 or 95. *Dec'r* 1st, 1843;" and proved that it had reference to the premises in dispute.

The Court instructed the jury that they must regard the writing merely as a receipt for money; that it was inoperative as a contract because it was not signed by both parties, and gave the defendant no right to the premises for six months from its date.

In general, an executory contract is not valid unless it be binding upon both parties; there must be mutuality of obligation, or there is no consideration for the promise made by the party executing the instrument. Chitt. on Cont. 13, 14.—*Biddell* v. *Dowse*, 6 B. & C. 255.—*Lees* v. *Whitcomb*, 5 Bingh. 34.—*East London Water Works Co.* v. *Bailey*, 4 Bingh. 283. But this principle is not applicable to this cause. No particular form is necessary to make a good lease. Any words expressive of the intention of the parties, one to part with and the other to take the possession of premises for a definite time, whether in the form of "a license, covenant, or agreement," will constitute a good demise for years. 4 Bac. Abr. Leases, K. p. 160. And, accordingly, it has been held that if one license another to hold a house or land for a certain period, it makes a lease, and may be pleaded as such or as a license. *Ib.*

The instrument in question we conceive to be a lease, given upon an executed consideration by the complainant to the defendant, for the premises therein named for one month from the date, and from month to month for five months longer, provided the defendant should pay at the commencement of each month three dollars and fifty cents for rent. We understand from the writing that the three dollars and fifty cents, acknowledged to have been received by the complainant, were paid by the defendant in advance not only for the first month's rent, but also for the privilege of keeping the premises five months longer upon the pay-

ment of a similar sum at the commencement of each month. If the defendant made the payments, (or the plaintiff waived them,) she had the right to remain in the possession of the premises six months from the date of the instrument. That period had not expired when these proceedings were commenced. We think the instruction of the Court to the jury was wrong.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Mace,* for the plaintiff.

*R. C. Gregory,* for the defendant.