Ulrich v. Hervey.

———◆◆◆———

No. 8119.

ULRICH v. HERVEY.

BILL OF EXCEPTIONS.—*Practice.*— *Supreme Court.*—Where the record entries do not show the grounds of objections to the rulings upon motions for a change of venue and to dismiss an appeal from a justice, such motions not being in the bill of exceptions, nor ordered by the court to be made a part of the record, and the grounds of objections not appearing in the record on appeal, no question is properly presented on such rulings for the decision of the Supreme Court.

From the Vigo Circuit Court.

*W. Eggleston* and —— *Reed*, for appellant.

FRANKLIN, C.—Appellant sued one Donaldson, before a justice of the peace, connected therewith attachment proceedings, and garnisheed appellee. Trial and judgment for appellant. Appeal to the circuit court. Motion to change the venue from the judge, and also a motion to dismiss the appeal, overruled and excepted to. Trial by court, and finding and judgment for appellee.

The errors assigned in this court are the overruling of the motions for a change of venue and for a dismissal of the appeal.

The record does not show that any special bill of exceptions, in relation to either of these rulings, was filed at the time of taking the exceptions, or at any other time. The general bill of exceptions does not embrace these motions and rulings. It refers to them by page and line in other parts of the record, without copying them and making them a part of the bill of exceptions. The motions and rulings thereon can not thus be made a part of the record. In the case of *Goodwin* v. *Smith*, 72 Ind. 113, ELLIOTT, J., in delivering the opinion of the court, says: "General recitals can not supply the place of material papers. * * * An exception must either be reduced to writing at the time it was taken, or the court, at the time, must allow a specified time for reducing it to writing." And section 343, 2 R. S. 1876, p. 176, is referred to in support thereof. The same rule is applied in the case of *Bowen* v. *Pollard*, 71 Ind. 177.

Although these motions were reduced to writing, the record entries of them did not show the grounds of the objections to the rulings; and the motions not being in the bill of exceptions, nor ordered to be made a part of the record by the court, and the grounds of the objections to the rulings not appearing of record, there is no question properly

presented by this record for the court to decide. Sec. 346, 2 R. S. 1876, p. 177; *Wood* v. *Crane,* 75 Ind. 207.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at appellant's costs.