Alcorn v. Morgan.

◆━◆━◆

No. 7973.

ALCORN *v.* MORGAN.

PRACTICE. — *Exception.* — *Supreme Court.* — Where leave is granted to amend a pleading, an exception thereto, to be available in the Supreme Court, must be taken at the time, and either then reduced to writing or leave obtained for time to reduce it to writing.

Alcorn *v.* Morgan.

LANDLORD AND TENANT.—*Notice to Quit.*—Where a tenancy is for a time fixed and certain, no notice to quit is necessary.

SAME.—*Lease.*— *Contract.*—No precise form of words is necessary to make a lease. Any written instrument expressing the agreement of the parties, signed by one and accepted and acted upon by the other, will be obligatory upon both.

SAME.—*Evidence.—Receipt.*—When the terms of a contract are expressed in a receipt, parol evidence is inadmissible to add to or take from the terms of the contract as therein expressed, but is admissible to vary or contradict the receipt itself.

From the Marion Circuit Court.

*O. S. Hadley* and *B. F. Davis*, for appellant.

*T. A. Hendricks, C. Baker, O. B. Hord* and *A. W. Hendricks*, for appellee.

ELLIOTT, C. J.—This action was instituted before a justice of the peace, by the appellee, for the recovery of real estate held by appellant as a tenant. Judgment was rendered in appellee's favor by the justice. The case was taken by appeal to the circuit court, where the appellee again succeeded.

The appellee obtained leave to amend, and did amend, his complaint in the circuit court. Of this ruling appellant complains. The question debated is not in the record. The ruling was made on the 21st day of February, 1879, and the exception was not then reduced to writing, nor was time asked for the purpose of putting the exception in writing. It is true that a bill of exceptions was filed on the 7th day of April, but this was after the close of the term, and, while this was sufficient for the purpose of presenting some questions, it was not sufficient to present a question of such a character as that here discussed. The statute is explicit; the exception must be reduced to writing at the time it is taken, or leave to afterward put it in writing must be obtained at the time. *Goodwin* v. *Smith*, 72 Ind. 113; *Sohn* v. *The Marion, etc., G. R. Co.*, 73 Ind. 77.

It is argued that the court below erred in denying the ap-

pellant a continuance. In this counsel are mistaken. The ground upon which a continuance was asked was, that appellant could prove by an absent witness, that notice to quit was not served upon him until an hour after sunset. This testimony was wholly irrelevant and immaterial, for the written lease clearly specified the duration of the tenancy. Where the tenancy is for a time fixed and certain, no notice to quit is necessary.

Counsel insist that the court erred in admitting in evidence a written instrument signed by the lessor, but not by the appellant. There is no strength in this position. No precise form of words is necessary to make a lease. Any written instrument expressing the agreement of the parties, signed by one and accepted and acted upon by the other, will be obligatory upon both. *Munson* v. *Wray*, 7 Blackf. 403.

The written instrument relied upon by the appellee as showing a written lease is, in form, a receipt, but it also contains independent stipulations, and is, therefore, to be regarded as a contract. *Dale* v. *Evans*, 14 Ind. 288. Parol evidence is admissible to vary or contradict a receipt. Where, however, the terms of a contract are therein incorporated, parol evidence is not admissible to add to or take from the terms of the contract as expressed in the writing. *McKernan* v. *Mayhew*, 21 Ind. 291. The trial court did right in rejecting parol evidence of the terms of the contract, offered by the appellant; for the agreement of the parties was fully set forth in the written instrument.

What we have said disposes of all the questions presented by the record, and, as we find no error, the judgment must be affirmed.

Judgment affirmed.