No, 9578.

## JARVIS ET AL. *v.* BANTA ET AL.

SUPREME COURT.—*Record.*—*Collateral Motions.*—*Order of Court.*—*Bill of Exceptions.*—Under section 650, R. S. 1881, motions in relation to collateral matters, such as motions to paragraph and motions to strike out, are not parts of the record unless made so by bill of exceptions or order of court.

FRAUDULENT CONVEYANCE.— *Sufficiency of Complaint.*—*Continued Right of Action.*—*Demurrer.*—In a suit to set aside a conveyance of lands as fraudulent against creditors, the complaint will be bad on demurrer, for want of sufficient facts, unless it shows not only that the conveyance was fraudulent at the time of its execution, but that the right of action which then arose had continued, and was still existing when the suit was commenced.

SAME.—*Fraudulent Intent.*—*Question of Fact.*—Under section 4924, R. S. 1881, the question of fraudulent intent in the conveyance of lands is a question of fact and not of law, and where it has been found as a fact that the intent of the grantor in executing the conveyance was to secure the payment of as much of his indebtedness as possible with the proceeds of his property, such conveyance is not fraudulent.

PRACTICE.—*Special Finding of Facts.*—*Conclusions of Law.*—Where the trial court, under section 551, R. S. 1881, states the facts specially found, and then its conclusions of law upon such facts, in writing, the conclusions of law should contain matters of law only, and the facts found should be stated as such in the special finding of facts, and not in the conclusions of law. The special finding will not be aided or enlarged by facts not stated therein, but only in the conclusions of law.

From the Elkhart Circuit Court.

*H. D. Wilson* and *W. J. Davis*, for appellants.

*J. H. Baker* and *J. A. S. Mitchell*, for appellees.

HOWK, J.—In this case the appellees sued the appellants in a complaint of a single paragraph. The object of the suit was to obtain judgment on a promissory note executed by the appellant Samuel Jarvis to the appellees, and a decree declaring a certain conveyance of real estate executed by said Samuel Jarvis to his co-appellants, John F. and Joseph R. Jarvis, to be fraudulent and void as against the creditors of said Samuel, and particularly as against the appellees to whom he was then indebted, and setting aside said conveyance and subjecting the real estate to sale for the payment of their debt. The cause was put at issue and tried by the court, and, at the appellees' request, the court made a special finding of facts, and stated its conclusions of law thereon in appellees' favor, and rendered judgment accordingly.

In this court the appellants have assigned as errors the following decisions of the circuit court:

1. In overruling their motion for an order requiring appellees to state the causes of action in their complaint, in separate paragraphs;

2. In overruling their motion to strike out parts of the complaint;

3. In overruling the demurrer of appellants John F. and Joseph R. Jarvis to the complaint;

4. In overruling their motion for a new trial;

5. In each of the conclusions of law stated by the court; and,

6. In overruling the motion of John F. and Joseph R. Jarvis in arrest of judgment.

Neither of the first two errors is shown by the record, as neither of the motions therein referred to was made part of the record by a bill of exceptions, or by an order of the court. Section 559, Code of 1852; section 650, R. S. 1881. Neither of those errors, therefore, properly presents any question for the decision of this court.

The third and sixth errors may well be considered together, as each of them presents the single question of the sufficiency of the facts alleged in the complaint, to constitute a cause of action against the appellants John F. and Joseph R. Jarvis. In discussing this question, the appellants' counsel make the following quotation from the opinion of this court in *Bruker* v. *Kelsey*, 72 Ind. 51: "The proper rule of pleading is, that the complaint show affirmatively a complete right of resort to the land for satisfaction of the debt, and that can not be, unless when made the conveyance was fraudulent as against creditors, and unless the right of action, which then arose, is shown to continue to exist at the time when suit is begun." Counsel then make the point, and this is the only objection stated, that the complaint in this case fails to show that the appellees' right of action continued to exist at the time the suit was begun. They state this objection to the complaint, but they do not discuss the question; nor do they point out what facts are wanting in the complaint, in order to show an existing right of action at the time the suit was begun. It seems to us, from our examination of the complaint, that it is not open to the objection of counsel; for it does show, as we read it, a continued and existing right of action, in appellees' favor and against the appellants, at the time the suit was begun. The complaint was sufficient, we think, to withstand either the demurrer thereto or the motion in arrest of judgment.

The evidence is not in the record, and, therefore, no question is presented for our decision by the alleged error of the court in overruling the motion for a new trial. Indeed, this

error is not argued by the appellants' counsel, and may be regarded as waived.

The error chiefly relied upon in argument seems to be this: that the court erred in its conclusions of law upon the facts specially found. The facts so found were, in substance, as follows:

"That, on the 1st day of April, 1878, the defendant Samuel Jarvis executed his note to the plaintiffs, as alleged in the complaint, and that there is due and owing thereon the sum of $106.27, without relief, etc.; that, on the 9th day of November, 1878, the said Samuel Jarvis and his wife, Elizabeth, executed a deed conveying the lands described in the complaint to their two sons, the other defendants herein, said Samuel being then the owner and in possession of said lands; that the consideration for such conveyance was as follows: the grantees agreed to pay, and to assume the payment of, the existing liens on said lands, then estimated at and amounting to about $2,000, and executed their note to their mother, Elizabeth Jarvis, for the sum of $1,000, payable five years after date, the said consideration so agreed to be paid being at that time the full value of said lands; that at the time of such conveyance the said Samuel Jarvis was in embarrassed circumstances, and was indebted to other persons than the holders of said liens, in sums greater in the aggregate than all the other property of which the said Samuel was then possessed; that many of said debts were then due, and, being pressed for payment by the holders thereof, said Samuel was unable to pay them; and that said Samuel Jarvis, at the time of such conveyance, possessed personal property of the value of $350, then on and about said farm, and possessed no other property except said lands, so conveyed, and his indebtedness then amounted in the aggregate to the sum of $350." After setting out some other facts, which are not material, we think, to the questions for decision in this case, the court further found: "That the said conveyance was made by said Samuel Jarvis, with intent to transfer the absolute title to his sons, upon the aforesaid con-

sideration, and with the intent to secure $1,000 of the purchase-money to his wife, as a provision for her future support and maintenance, and for the purpose of preventing the seizure and sale of his said property upon judgments and executions that might be obtained by his creditors, there being at the time some actions pending in court, upon which judgments were afterwards obtained; the actual intent of the defendant Samuel being to insure the payment of as much of his indebtedness as possible with the proceeds of his property; that said conveyance was made to the other defendants, with full knowledge of all the facts and circumstances, and of the intent and purpose of said Samuel Jarvis, and with full knowledge of the indebtedness and embarrassed condition of their father; that at said time, and at the time of the assumption of said debts and giving new notes as aforesaid, the defendant Joseph R. Jarvis was a minor under twenty-one years of age; that, at the time of such conveyance, the defendants John and Joseph were not possessed of any property except that John had about $100 due him, and that they had not paid any of the debts they so assumed, at the beginning of this suit, except $280, but have now paid of said debts about $1,200."

Upon the facts so found, the court stated its conclusions of law in substance, as follows:

" 1. That the conveyance of said real estate was made by the defendant Samuel Jarvis, and taken and received by the other defendants, with intent to hinder and delay the creditors of said Samuel Jarvis, and is fraudulent and void as to the plaintiffs.

" 2. That the plaintiffs are entitled to judgment upon said note against said Samuel Jarvis, in the sum of $106.27, without relief, etc.

" 3. That the real estate ought to be subjected to the payment of the said debt, and is subject to sale upon an execution that may be issued upon the judgment rendered in this action."

The second conclusion of law is clearly right; but the first and third conclusions are not sustained, we think, by any of

the facts specially found by the court. In this State the question of fraudulent intent is made, by statute, a question of fact and not of law. Section 4924, R. S. 1881; *McLaughlin* v. *Ward,* 77 Ind. 383; *Lockwood* v. *Harding,* 79 Ind. 129; *Morris* v. *Stern,* 80 Ind. 227. It will be observed that the court did not find in this case that the conveyance of the real estate was either executed by the grantor or accepted by the grantees with any fraudulent intent. On the contrary, the court found the fact to be, that the actual intent of the grantor in executing such conveyance was to insure the payment of as much of his indebtedness as possible with the proceeds of his property. Such an intent can not be regarded as fraudulent. It is true that the court stated as its first conclusion of law, that the deed was executed and received with fraudulent intent, but the conclusion is one of fact and not of law, and is a clear and absolute *non sequitur* from the facts specially found. It was settled by this court in *Kealing* v. *Vansickle,* 74 Ind. 529 (39 Am. R. 101), that the court's conclusions of law should contain matters of law only, and not matters of fact, and that matters of fact must be found as such in the special finding of facts, and that the latter can not be aided or enlarged by facts recited in the conclusions of law.

For the reasons given, we are of the opinion that in this case the court erred in its first and third conclusions of law upon the special finding of facts.

The judgment against the appellant Samuel Jarvis for the amount found due on his note is affirmed, with costs. The remainder of the judgment and decree is reversed, at the appellees' costs, and the cause is remanded, with instructions to set aside its first and third conclusions of law, and in lieu thereof, and upon the matters covered thereby, to find for the appellants, the defendants below, as a conclusion of law, and render judgment accordingly.