Filed Nov. 23, 1883.

* * *

No. 10,666.

BOYCE v. GRAHAM.

BILL OF EXCEPTIONS.—*Practice.*—*Pleading.*—A motion to make a pleading more specific can come into the record only by bill of exceptions or order of court.

SAME.—*Time of Filing.*—A bill of exceptions filed after the term, on time given upon overruling a motion for a new trial, can not embrace matters occurring before the beginning of the trial.

SAME.—*Presumption.*—When a bill of exceptions is filed within the term at which the ruling excepted to was made, it will be presumed to be in accordance with leave given at the time of the ruling.

DAMAGES.—*Landlord and Tenant.—Lease.—Complaint.—Parties.—Statute of Frauds.*—A complaint averred that the plaintiff leased a tract of land of W., who had put him in possession; that defendant had a prior lease of part of it which expired March 1st, 1881, and that he thereafter wrongfully and unlawfully kept the plaintiff out of possession, well knowing that he was entitled to the possession, and so used said part as to render it valueless for that year to plaintiff, to his damage.

*Held*, that the facts alleged constituted a cause of action.

*Held*, also, that W. was not a necessary party plaintiff or defendant.

*Held*, also, that the defendant could not invoke the statute of frauds against the plaintiff's lease.

EVIDENCE.—*Title.*—Proof by the plaintiff of his title as alleged is always admissible.

SAME.—When both parties claim title derived from the same person, it is sufficient proof of the plaintiff's title if he trace it from that person to himself.

PLEADING.—*Demurrer.—Measure of Damages.*—If a complaint show the plaintiff entitled to damages, it is good against a demurrer, and the measure of damages can not be settled by the demurrer.

SAME.—*Striking Out.*—The general denial, and a special paragraph embracing only matter admissible under the denial, being pleaded, the special paragraph should be struck out on motion.

From the Delaware Circuit Court.

*J. R. McMahan,* for appellant.

*W. Brotherton* and *R. S. Gregory,* for appellee.

ELLIOTT, J.—A motion to make a complaint more specific is a collateral one and belongs to that class which can only be brought into the record by a bill of exceptions or special order of court. *Jarvis* v. *Banta,* 83 Ind. 528.

Where exceptions are taken to rulings made in forming issues on motions to strike out, to make more specific and the like, exceptions must be entered at the time the rulings are made, and leave must then be taken to reduce the exceptions to writing. There is a marked and important difference between rulings made during the trial, and those made upon the pleadings prior to issue joined. The statute imperatively requires that exceptions to rulings of the character last mentioned shall be reduced to writing at the time they are made, or that leave to afterwards reduce to writing shall be

then obtained. The bill of exceptions filed within the time allowed for the filing of bills upon the overruling of the motion for a new trial does not take up and embrace motions made during the framing of issues in cases where the bill is not filed during the term. When the bill is filed within the term at which the ruling is made, it will be presumed that leave was granted when the ruling was made. *Goodwin* v. *Smith*, 72 Ind. 113 (37 Am. R. 144); *Alcorn* v. *Morgan*, 77 Ind. 184; *Pitzer* v. *Indianapolis, etc., R. W. Co.*, 80 Ind. 569; *Ryman* v. *Crawford*, 86 Ind. 262; *Cardwill* v. *Gilmore*, 86 Ind. 428; *Flory* v. *Wilson*, 83 Ind. 391; *Volger* v. *Sidener*, 86 Ind. 545; *Ulrich* v. *Hervey*, 76 Ind. 107. It would be unreasonable to presume that a leave to file a bill, given upon overruling a motion for a new trial, should extend back to the rulings on the complaint, reaching back in many cases several terms, but it is not unreasonable to presume that the leave was intended to embrace all the rulings on the trial, for that is regarded as an entirety. The proper procedure for a party who desires to avail himself of an exception to a ruling on a collateral motion is to obtain leave to reduce his exception to writing at the time it is taken.

The question upon the motion to make the complaint more specific is not properly reserved.

The complaint alleges that appellee had leased a tract of land of one Volney Wilson, who had put him in possession; that before that time the appellant had leased part of it for the purpose of rotting flax straw upon it; that his right fully expired on the 1st day of March, 1881, and that he thereafter wrongfully and unlawfully kept the appellee out of possession of said part until June 1st, 1881, although he well knew that appellee had leased it and was entitled to possession. It also alleges that appellant, after March 1st, 1884, so used said part as to render it valueless to appellee during the spring, summer and fall of said year, to his damage, etc. The complaint states a cause of action. The right of the appellee to possession became vested on the 1st day of March, 1881, and the appellant

wrongfully invaded this right by excluding him from the possession. There was a clear invasion of a legal right, and in such a case an action will lie.

The appellant has no right to make the point that Wilson's lease to appellee was not in writing. Parties alone can avail themselves of the benefit of the statute of frauds. *Dixon* v. *Duke*, 85 Ind. 434.

The complaint shows that the appellee had a right to the possession, and was in part possession, and this vested in him a cause of action against one who deprived him of that right, and Wilson was not a necessary party defendant. The cause of action for exclusion from possession was in appellee alone. Wilson having leased the land could not have maintained an action for possession, and surely could not have joined with appellee, who had the sole and exclusive right of possession; Wilson might have sued for damage to the inheritance, but not for possession, nor for injury to the mere possessory right.

The measure of damages can not be determined upon a demurrer to a complaint; for, if the complaint shows a right to some damages, although not all claimed, it will overthrow a demurrer. *Bayless* v. *Glenn*, 72 Ind. 5.

The matters stated in the second paragraph of the answer were admissible under the paragraph which pleaded the general denial, and it was properly rejected.

It was proper for the court to permit appellee to prove the contract between Wilson and appellee, as well as between Wilson and the appellant, for this was necessary in order to establish title in the appellee and lack of it in the appellant.

As both parties claimed through a common source, Volney Wilson, the appellee, made a *prima facie* case at least when he showed the respective titles and the source from which they were derived. Where both parties claim through the same person, it is sufficient to prove title in that person without showing how he derived it. *Wilson* v. *Peelle*, 78 Ind. 384.

Judgment affirmed.

Filed Nov. 23, 1883.