Filed June 4, 1884.

No. 11,172.

RHINE, ADMINISTRATOR, v. MORRIS.

CONTRACT.—*Nominal Damages.—Complaint.—Decedents' Estates.—Supreme Court.*—A joint debtor, having obtained an agreement with those jointly indebted, that they would assume payment of the debt, died, whereupon the debt was allowed against his estate. His administrator sued the survivors, alleging the foregoing facts, but alleging neither that his decedent's estate had been compelled to pay said debt, nor that there were any assets belonging to such estate.

*Held,* that the complaint showed no cause of action for more than nominal damages, and that the Supreme Court will not reverse in such case.

PRACTICE.—*Striking out Pleading.—Bill of Exceptions.*—An exception to the striking out of part of a pleading will avail nothing, if no bill of exceptions be then filed and no time then granted for its filing.

From the Blackford Circuit Court.

*W. A. Bonham, J. Cantwell, S. R. Cantwell, A. Steele* and *R. T. St. John,* for appellant.

*G. H. Koons,* for appellee.

FRANKLIN, C.—Appellant, as administrator of the estate of James Swoveland, sued appellee and others on a promissory note and a written agreement for the sale of an interest in a saw-mill. On motion of appellee a part of the second paragraph of the complaint was struck out. The ruling upon the motion to strike out is the only question presented by the assignment of errors.

The first paragraph of the complaint was upon the note, and the second was upon the agreement. The agreement stipulated that the defendants would pay to the deceased for his interest in the saw-mill the sum of $300 in money, $50 in sawing, and release the deceased from the payment of all the back payments on the mill for the purchase-money. And this paragraph alleged that the defendants had failed to perform their part of the agreement; that judgment had been rendered against the estate of deceased for said back payments of purchase-money. All in relation to this alleged breach of the agreement was struck out. Appellee was surety for the other defendants. The deceased and the other defendants had originally purchased the mill in partnership, and were each liable for the back payments. The complaint alleges that the other defendants were each insolvent, but does not show that the deceased was not in the same condition, or that there were any assets in the estate outside of this claim.

The use of the word "release" creates some difficulty in determining precisely what the parties intended. It is not an agreement by the defendants to pay the back instalments on the mill, nor to indemnify the deceased against their payment. A release is a discharge from liability to the one who executes the release, and, under the literal meaning of the word as used in this case, it could only operate in the discharge of the deceased from all liability to the defendants on account

of the back payments; in other words, it amounted to a quit-claim title to deceased's interest in the mill. If the defendants paid the back instalments, or the mill was sold for their payment, the deceased was not to be liable to the defendants for contribution on account thereof. And we think it was further the intention of the parties that the deceased should not pay anything on said back instalments, and if he should be compelled to do so, it would be a breach of the agreement for which the defendants would be liable to him for the damages he had sustained on account of such breach. In this case the complaint does not aver any actual damages on account of the alleged breach of the agreement. It does not show that the deceased or the administrator has paid anything on said back instalments, or that there are any assets in the estate with which any part of said back instalments can be paid, or that any part of this claim, if realized, would be paid upon said back instalments.

The averments of that part of the complaint which were struck out were, perhaps, sufficient to entitle the plaintiff to nominal damages for that alleged breach of the agreement, but nothing more, and the law is well settled that this court will not reverse a judgment upon a question in which only nominal damages are involved.

The other defendants were defaulted, and a joint judgment was rendered against all the defendants. The plaintiff, in his appeal, has not made the other defendants parties in this court in the assignment of errors, and the appeal would have been liable to be dismissed for that reason had a motion been made to that effect.

Although the striking out parts of the complaint was excepted to at the time, the record shows that no bill of exceptions was then filed, nor does the record show that any time was then given in which to file a bill of exceptions. In reserving questions of this kind, it is not sufficient to afterwards give time to file bill of exceptions. R. S. 1881, section 626.

In the case of *Goodwin* v. *Smith,* 72 Ind. 113 (37 Am. R. 144), it is said: " It is well settled that an exception must either be reduced to writing at the time it is taken, or the court, at the time, must allow a specified time for reducing it to writing."

In the case of *Alcorn* v. *Morgan,* 77 Ind. 184, the following language is used: " The statute is explicit; the exception must be reduced to writing at the time it is taken, or leave to afterward put in writing must be obtained at the time." See, also, *Boyce* v. *Graham,* 91 Ind. 420.

This question is not, therefore, properly presented by the record, but we thought it best to decide the question, as it is earnestly insisted upon by appellant.

This part of the complaint having been struck out, if the estate should pay anything upon said back instalments, this case will be no bar to enforcing a remedy when a substantial breach occurs in relation to said back instalments.

We find no available error against appellant in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

