**Filed** May 15, 1891.

---

### No. 119.

### THOMAS *v.* GRIFFIN.

PRACTICE.—*Collateral Motions.—Bill of Exceptions.*—Collateral motions, such as motions to paragraph a pleading and to make it more specific, and the rulings thereon, can be brought into the record only by a bill of exceptions or by a special order of the court.

SAME.—*Time of Filing.*—Where exceptions are taken to rulings made on such motions in forming issues, the exception must be reduced to writing at the time, unless leave is obtained to reduce them to writing within a given time, or unless the bill is filed within the term at which the ruling is made; in which event it will be presumed that such leave was granted when the ruling was made.

SAME.—A bill of exceptions, filed after the close of the term upon leave given, because of the overruling of the motion for a new trial, will not embrace motions made during the framing of the issues.

EVIDENCE.—*Privileged Communications.—Attorney.—Scrivener.*—Communications made to an attorney acting as scrivener are not privileged.

APPELLATE COURT.—*Weight of Evidence.*—Where there is evidence fairly tending to sustain the verdict of the jury on every material point, the verdict will not be disturbed merely on the weight or sufficiency of the evidence, however conflicting the evidence may be, or however great, apparently, may be the preponderance against the finding or verdict.

From the Jefferson Circuit Court.

*J. Y. Allison* and *J. McGregor,* for appellant.
*E. G. Leland* and *S. E. Leland,* for appellee.

NEW, J.—The appellee sued the appellant, together with Charles Sage and Edward Coyle, in the circuit court, alleg-

ing, in substance, that within six months prior to the filing of his complaint he had lost to said parties by betting and wagering upon games of cards, roulette and dice, in the gambling house and rooms owned, used and occupied by said persons in the city of Madison, the sum of one thousand dollars, paid by him to the defendants, and by them received for the use of the appellee.

Separate motions were made by the appellant, as also by said Sage and Coyle, that the appellee be required to separate the causes of action in his complaint, to make the same more specific, and to file therewith a bill of particulars. These motions were overruled and exceptions saved.

The appellant thereupon filed his separate demurrer to the complaint, which was overruled by the court and excepted to.

The appellant and his co-defendants then filed separate denials to the complaint, and upon the issues thus joined the cause was submitted to a jury for trial. Before the close of the trial the appellee dismissed as to Coyle.

The jury returned a verdict for the appellee in the sum of three hundred and ninety-one dollars, and thereupon the appellant and Sage filed their joint motion for a new trial, and the appellant filed his separate motion for a new trial. Both of said motions were overruled and exceptions reserved. Judgment was then rendered for the appellee for the sum found by the jury.

Sage does not appeal.

The errors assigned by the appellant, Thomas, are :

1. The overruling of his separate motion that the appellee be required to separate and number the causes of action in his complaint.

2. The overruling of his separate motion that the appellee be required to make his complaint more specific.

3. The overruling of his separate motion that the appellee be required to file a bill of particulars with his complaint.

4. The overruling of his separate motion for a new trial.

The first three assignments of error present no question for our decision.

It does not appear that bills of exceptions were filed at the time of the rulings complained of, nor was time given for the filing of the same. Motions, such as are embraced in these three assignments of error, belong to a class which can only be brought into the record by a bill of exceptions, or by a special order of the court. *Jarvis* v. *Banta*, 83 Ind. 528; *Boyce* v. *Graham*, 91 Ind. 420; *Manhattan Life Ins. Co.* v. *Doll*, 80 Ind. 113; *Balue* v. *Richardson*, 124 Ind. 480.

And where exceptions are taken to rulings made, on motions like these, in forming issues, the exceptions must be reduced to writing at the time, unless leave is obtained to reduce them to writing within a given time thereafter, or unless the bill is filed within the term at which the ruling is made; in which event it will be presumed that such leave was granted when the ruling was made. *Boyce* v. *Graham*, *supra*. See, also, *Noblesville Gas, etc., Co.* v. *Teter*, *ante*, p. 322.

A bill of exceptions filed, as in this case, after the close of the term upon leave given, because of the overruling of the motion for a new trial, will not embrace motions made during the framing of the issues. *Boyce* v. *Graham*, *supra*; *Rhine* v. *Morris*, 96 Ind. 81; *Sohn* v. *Marion, etc., G. R. Co.*, 73 Ind. 77; *Goodwin* v. *Smith*, 72 Ind. 113; *McIlvain* v. *Emery*, 88 Ind. 298; *Alcorn* v. *Morgan*, 77 Ind. 184; *City of Seymour* v. *Cummins*, 119 Ind. 148.

The remaining error assigned is the overruling of the motion for a new trial.

One of the grounds specified for a new trial is that the court erred in permitting John McGregor to testify as a witness to matters received by him in confidence as the attorney of the appellant Thomas.

McGregor was a practising attorney, and wrote the as-

signment of a certain lease from Coyle to the appellant. This he stated as a witness, without objection from the appellant. At the time of writing the assignment of the lease he also wrote a bill of sale and contract between the appellant and Coyle.

The appellant and Coyle were both present a portion of the time while said writing was being done.

McGregor was required by the court, over the objection of the appellant, to state the contents of the bill of sale and contract. The ground of the objection was, that the contents of said writings were privileged and confidential communications between the appellant and McGregor.

There was no error committed by the court in overruling the objection, and permitting McGregor to testify as to the contents of said writings. The record discloses no other objection to said testimony than the one stated.

. The writing of the assignment, bill of sale, and contract, was all one transaction. It is shown by the evidence that the lease, by said assignment, went into the hands of the appellant, and the contract and bill of sale were fully executed by the parties.

It is the general rule that communications between attorney and client, in reference to all matters which are the proper subject of professional employment, are privileged. So far, however, as appears from the evidence, McGregor was acting in the capacity of a scrivener in the writing of the assignment, bill of sale and contract. *Borum* v. *Fouts*, 15 Ind. 50 ; *Hanlon* v. *Doherty*, 109 Ind. 37.

The fact that McGregor had been the legal adviser of the appellant, generally, and that he was paid by him for his services in the writing of these papers, will not be allowed to affect the nature of the act done, it being otherwise clear from the proof that he was acting as a scrivener only.

We are asked to reverse the case on the evidence. We have examined with care the evidence, and think it tends to sustain the finding of the jury. There was testimony from

Thomas *v.* Griffin.

which the jury might believe that the appellant shared in the money lost by the appellee's gambling, as alleged in the complaint, and that he exercised some control in the gambling-room, over what was termed in the contract between him and Coyle the " take-out," which was shown, beyond dispute, to be a certain per cent., or portion, of the money put up, in gambling, in the house, a part of which was, under the assignment of the lease by Coyle, to the appellant, occupied by the latter as a saloon, and a part reserved by Coyle in his contract with the appellant, and used by Coyle for gaming and gambling purposes.

It is also shown by the evidence that the appellant sometimes attended personally to the taking of the " take-out," when games of cards were being played, in gambling in said room, and that the " take-out," on some occasions, was placed with other moneys in the saloon.

The evidence is conflicting, and not altogether satisfactory, as to what the amount of the appellee's recovery should have been in the court below ; but we are not prepared to say that the damages assessed by the jury were excessive.

Whenever there is evidence fairly tending to sustain the verdict of the jury on every material point, the verdict will not be disturbed merely on the weight or sufficiency of the evidence, however conflicting the evidence may be, or however great, apparently, may be the preponderance against the finding or verdict. *Allyn* v. *Allyn,* 108 Ind. 327 ; *Smith* v. *Smith,* 106 Ind. 43 ; *Rudolph* v. *Lane,* 57 Ind. 115 ; *Flowers* v. *McCann, ante,* p. 359.

The judgment is affirmed, with costs.

Filed May 15, 1891.