## Heywood, Trustee, *v.* Fulmer et al.

[No. 15,842. Filed November 17, 1892.]

Landlord and Tenant.—*License.*—*Lease.*—A written instrument in the form of a receipt for money paid, executed by the owner in fee of the land, giving to the person named therein the exclusive right to all sand and gravel on certain described premises for one year, and excluding all other parties from said premises, amounts to a lease, and not a mere license, and is valid as against a subsequent grantee without notice.

From Marion Circuit Court; *George W. Grubbs*, Special Judge.

Suit by James B. Heywood, trustee, for himself and others against Leander A. Fulmer and others to enjoin defendants from removing sand and gravel from certain described premises. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*U. J. Hammond* and *E. S. G. Rogers*, for appellant.
*C. S. Denny* and *W. F. Elliott*, for appellees.

McBride, C. J.—A construction of the following writing will determine every question presented by the record in this case: "Indianapolis, Ind., April 21, 1890. Received of Fulmer, Cooper & Co. $175, in payment of sand bar on Fall creek, between Central avenue and Meridian street, and adjoining the land of F. W. Morrison on the south and W.

O. Patterson on the north side of said creek, for the year 1890; this is for the exclusive right to all gravel and sand for the year above named, and excluding all other parties from said premises. (Signed) W. O. Patterson."

When the writing was executed, W. O. Patterson, by whom it was executed, was owner in fee of the land on which the sand bar referred to was located. On the 28th day of May following, he, with his wife, conveyed the land by warranty deed, to the appellant as trustee for himself (Heywood) and two other parties.

This suit was brought to enjoin the appellees from entering upon the premises and hauling away sand and gravel from the sand bar in question. It is averred in the complaint that the appellees claim the right so to do by virtue of the foregoing writing. It is also alleged in substance that neither the appellant or either of those united in interest with him had any knowledge of the existence of the writing in question at or before the execution of the deed to them, or any knowledge or notice that they had or claimed any such right to or interest in the land. The presentation of the question by both sides is able. The argument of counsel for the appellant is especially skilful and forceful. In deciding the case we will confine ourselves to the sole question discussed by the appellant.

The determination of this question depends upon whether the writing above quoted is a lease, as the appellee contends, or is a mere license, under which, as against Patterson, and others having notice of its existence, the appellees might enter upon the premises during the time limited and remove an indeterminate quantity of sand and gravel, but which gives no interest in the land itself, which is, we think, a fair statement of the appellant's contention.

Among many definitions of a lease found in the books are the following: "A lease is a contract by which one person devests himself of, and another takes the possession of lands or chattels for a term, whether long or short." Wood's Land-

lord and Tenant (2d ed.), §203. "A lease at the common law is a grant or assurance of a present or future interest, for life, for years, or at will, in lands or other property of a demisable nature, a reversion being left in the party from whom the grant or assurance proceeds." Platt on Leases, 9. "A lease is a species of contract for the possession and profits of lands and tenements, either for life or a certain term of years, or during the pleasure of the parties." 12 Am. & Eng. Ency. of Law, 976. "No particular form of expression or technical words are necessary to constitute a lease, but whatever expressions explain the intention of the parties to be, that one shall devest himself of the possession of his property, and the other shall take it for a certain space of time, are sufficient, and will amount to a lease for years, as effectually as if the most proper and permanent form of words had been made use of for that purpose." 12 Am. & Eng. Ency. of Law, 977. "No precise form of words is necessary to make a lease. Any written instrument expressing the agreement of the parties, signed by one and accepted and acted upon by the other, will be obligatory upon both." *Alcorn* v. *Morgan,* 77 Ind. 184. In the case last cited from which we quote the foregoing, the written instrument which the court then held to be a written lease was in form a receipt, but contained independent stipulations, sufficient in the opinion of the court to make it also a contract.

A lease may not only confer upon the lessee the right to the occupancy of the leased premises, either generally for the time limited, or for some specific purpose, or in some specific manner, or the right to occupy and cultivate and to remove the products of cultivation, but it may confer upon him the power to occupy and remove a portion of that which constitutes the land itself. Familiar and common examples of such leases are those authorizing the lessee to quarry and remove stone, to open mines and remove ores, minerals, mineral coal, etc., or to sink wells for procuring and removing petroleum and natural gas. The power to execute leases for such purposes, and the fact that the instrument by which

such interest in land is granted may be in all essential particulars a lease will not be questioned. *Knight* v. *Indiana Coal Co.,* 47 Ind. 105, 17 Am. Rep. 692.

Manifestly there can be no valid reason why a lease may not confer upon the lessee the right to remove a portion of the soil, or of sand and gravel found upon the surface of the land leased as well as to remove stone, or iron ore, or mineral coal, found either upon the surface or beneath it.

In our opinion the writing in question contains all of the essential elements of a valid lease. Like the writing referred to in *Alcorn* v. *Morgan, supra,* it is in form a receipt. Like that writing, also, it contains additional, independent stipulations sufficient to make it a contract. Apply to it the definitions of a lease above quoted, it will be found that by its terms the lessor devests himself of, and confers upon the lessee the possession of the land for a definite period. The language used,—"this is for the exclusive right to all gravel and sand for the year above named, and excluding all other parties from said premises," is sufficient to exclude even the lessor himself from the premises during the year 1890, and to give to the lessee during that time the exclusive right to enter.

Nor can it be said that the right to remove gravel and sand is the right to remove an uncertain and indeterminate quantity. The court has no means of knowing what quantity of gravel and sand may be on the premises. But, during the year 1890 the lessees have the exclusive right to all that may be thereon. If possible for them to remove all of it within the time limited they have the right to do so. If any remained at the expiration of the term it would without doubt revert to the lessor; but during the existence of the term the right to all is absolute.

Our construction of the writing leads to an affirmance of the judgment.

Judgment affirmed with cost.

Elliott, J., took no part in the consideration or decision of this case.