Filed Mar. 20, 1895.

———————◆———————

No. 17,186.

STEWART *v.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD AND THE CHICAGO AND INDIANA COAL RAILWAY COMPANY.

CONTRACT.—*Of Release.*—*Consideration, When May Be Varied by Parol.*—*Personal Injury.*—*Damages.*—*Railroad.*—In the following contract: "Know all men by these presents, that I, for and in consideration of the sum of thirty-one dollars and fifty cents, to me paid by the Chicago and Eastern Illinois Railroad Company, the receipt whereof is hereby acknowledged, do hereby release and forever discharge * * * [the said] railroad company from any and all liability for * * * [setting forth the claim for damages for personal injury]; and I do hereby agree that this release shall operate as a perpetual bar to any suit at law or otherwise which I or my heirs or * * * personal representatives may or can sustain by reason of the claim aforesaid"—the consideration expressed is not contractual, but is merely a recital of the amount of the consideration, and such consideration may be varied, regardless of fraud, by parol evidence, where want of consideration is replied.

Stewart v. Chicago, etc., R. R. and Chicago and Indiana Coal Ry. Co.

PLEADING.—*Reply.*—*Want of Consideration.*—That a reply setting up want of consideration is sufficient, see opinion.

From the Clay Circuit Court.

E. S. *Holliday*, G. A. *Byrd* and S. D. *Coffey*, for appellant.

G. A. *Knight*, W. H. *Lyford* and W. J. *Calhoun*, for appellees.

HACKNEY, J.—The appellant sought damages for personal injuries. To the complaint the appellees answered that for a consideration stated the appellant had released and discharged the appellees from all liability on account of the injuries complained of, and to this answer the appellant replied in two paragraphs, to each of which the lower court sustained the appellee's demurrer for insufficient facts. That ruling is the only alleged error presented by the record and argument.

The release and discharge so pleaded was as follows: "Know all men by these presents, that I, for and in consideration of the sum of thirty-one and $\frac{50}{100}$ dollars, to me paid by the Chicago and Eastern Illinois Railroad Company, the receipt whereof is hereby acknowledged, do hereby release and forever discharge the Chicago and Eastern Illinois Railroad Company from any and all liability for, or from payment of, any further sum or sums of money for and on account of the claim I have or may have against said company being as follows: 1891. For injuries sustained Thursday, May 28th, about 2:30 P. M., while in the service of the C. & E. I. R. R. Co. as car repairer at Brazil, Ind., by car slipping off jack and catching my left arm between body of car and truck of same, mashing that member so badly that amputation above the elbow was necessary. Half time from June 1st to July 19th, 210 hours, at 15 cents, $31.50. And I do hereby agree that this release shall operate as a per-

petual bar to any suit at law or otherwise which I or any of my heirs, executors, administrators or personal representatives may or can sustain by reason of the claim aforesaid.

"Witness my hand and seal this 15th day of August, 1891.                                    H. B. STEWART.

"C. L. HINKLE,  ⎫
"W. B. McPHAIL, ⎬ Witnesses."

The second paragraph of reply alleged that the release was executed without consideration, and the third paragraph alleged that the $31.50, stated in the release, was a voluntary allowance by the appellee as for half pay for 210 hours of service, and was allowed and delivered to the appellant in July, 1891; that when he received the same he executed a receipt for the same; that in August, 1891, one McPhail, yard foreman for the appellee, the officer under whom the appellant had been serving, and a man in whom he had implicit confidence, stated to the appellant that the receipt formerly signed had been signed in the wrong place, and that it would be necessary to sign another merely to serve as voucher for the money so received; that the appellant was fifty-eight years old and his eye-sight was so defective that he could not read writing without glasses, and had no glasses with him at that time; that McPhail produced a paper which he falsely and fraudulently stated was such voucher, and the appellant thereupon signed the same without the payment or promise of any sum or thing of value; that the appellant did not and, for the reason stated, could not read the instrument, but trusted the statement of said McPhail as to the nature and character of the same, all without knowledge of its true character.

It is further alleged that the appellant did not learn the contents of said instrument for several months after

he so signed the same, and when he did so learn, he repudiated and disavowed the relinquishment therein stated.

It is conceded that the third paragraph, omitting the allegations of fraud, is but a special plea that the release was executed without consideration and that, as such, it must be tested by the same rules that are applicable to the second paragraph.

The appellant insists that the consideration, stated upon the face of the instrument, may be attacked by parol evidence, while the appellee as earnestly insists that it may not be so attacked because the consideration so stated is contractual and is protected from attack by the rule that parol evidence can not be heard to contradict, vary or amend the terms of a written contract complete upon its face.

To the contention of the appellant, are cited cases holding that as a general rule the consideration expressed in written contracts may be explained, varied and contradicted. See *Levering* v. *Shockey*, 100 Ind. 558; *Mc-Mahan* v. *Stewart*, 23 Ind. 590; *Thompson* v. *Thompson*, 9 Ind. 323; *Rockhill* v. *Spraggs*, 9 Ind. 30; *Everhart* v. *Puckett*, 73 Ind. 409; *Smith* v. *Boruff*, 75 Ind. 412; *City* v. *Cobb*, 21 Ind. 492.

Treating the instrument pleaded in bar of the cause of action as a receipt, the appellant urges the rule that receipts may be varied by parol evidence. See *Markel's Admr.* v. *Spitler's Admr.*, 28 Ind. 448; *Beedle* v. *State, ex rel.*, 62 Ind. 26; *Stewart* v. *Armel*, 62 Ind. 593; *Lapping* v. *Duffy*, 65 Ind. 229; *Lash* v. *Rendell*, 72 Ind. 475.

We will consider the instrument as a contract, not doubting that such is its effect. *Alcorn* v. *Morgan*, 77 Ind. 184; *Munson* v. *Wray*, 7 Blackf. 403.

None of the general rules suggested are denied, but

NOVEMBER TERM, 1894.          59

Stewart *v.* Chicago, etc., R. R. and Chicago and Indiana Coal Ry. Co.

all are conceded by the parties and the issue is narrowed to the correct application of these rules. If the consideration, as stated in the instrument in review, is contractual the appellee's view of the case and the ruling of the circuit court must be affirmed, if not the judgment must be reversed.

In *Pickett* v. *Green*, 120 Ind. 584, in speaking of the rule that the consideration expressed in a writing may be varied or contradicted by parol this court has said: "The reason generally given for the rule is, that the language with reference to the consideration is not contractual; it is merely by way of recital of a fact, viz., the amount of the consideration, and not an agreement to pay it, and hence such recitals may be contradicted."

Referring to the general rule that parol evidence can not be admitted to contradict the terms of a written contract, it was there further said that "out of this grows the exception to the rule first above stated, that where the contract is complete upon its face, a stipulation as to the consideration becomes contractual, and where there is either a direct and positive promise to pay the consideration named, or an assumption of an encumbrance on the part of a grantee in a deed which becomes binding upon its acceptance, then the ordinary rules with reference to contracts apply, and the consideration expressed can no more be varied by parol than any other portion of the written contract."

In our judgment, the consideration expressed in the writing before us is not contractual, but is manifestly a recital of the amount of the consideration. It includes no agreement to pay or assume any sum or liability. It may be considered apart from the obligations of the appellant, and its statement was not essential to the validity of such obligations, but it might have been established by parol. We have no doubt that the cases,

correctly applying the rule that no parol inquiry may be made into the consideration expressed, are those where the consideration consists in the performance of some duty which is, by the terms of the writing, undertaken on the one side for the benefit of the other. Such duties can not be diminished or enlarged by parol. As we have said, the consideration of the contract before us involves the performance of no duty. The contract recites, as a consideration for the relinquishment therein stated, the payment to the appellant of a sum of money.

If this recital is false, the same right exists to prove that fact by parol, as exists in any possible case, where the consideration alone of a contract may be attacked by parol. Under the second paragraph of reply, it may be proven that no sum whatever was received, and under the third paragraph, it may be proven that a sum was received, not at the time of, or as the consideration for, the execution of the instrument, but at another time, though falsely, and colorably carried into the instrument.

Our view of either paragraph does not involve the allegations of fraud pleaded in the third paragraph of reply. We do not deem the element of fraud as essential to the sufficiency of the pleading as denying the existence of a valuable consideration, to support the relinquishment. Considered only as alleging such fraud in the procurement of the signature as would avoid the contract, we doubt its sufficiency. It does not allege that the original instrument signed did not contain a similar relinquishment or that the present instrument differs from the original; there is no allegation that the appellant was deceived or overreached in the execution of the first instrument.

It does not allege that the appellant asked to have the instrument read to him, while it appears from the plead-

ing, that an attesting witness, in addition to McPhail, was present, nor is it alleged that it would have been of the slightest inconvenience to him to have had it read by some one other than such witness and McPhail.

The alleged false statement of McPhail was in naming the instrument a voucher for the money previously paid. The instrument is of the character of a voucher and can hardly be said to have been falsely named by McPhail. See *Miller* v. *Powers,* 119 Ind. 79; *Robinson* v. *Glass,* 94 Ind. 211; *American Ins. Co.* v. *McWhorter,* 78 Ind. 136; *Davis* v. *Fearis, Exr.,* 52 Ind. 128; *Nebeker* v. *Cutsinger,* 48 Ind. 436; *Bacon* v. *Markly,* 46 Ind. 116.

In these cases it is held that one contracting party may not repose a blind confidence in the other, but must use reasonable diligence to ascertain for himself the facts upon which he acts.

Appellees' learned counsel suggest that the third reply should have alleged a return of the money received. If, as alleged, the money received was a previous donation and in no way supplied the consideration for the release, there was no duty to return it any more than to have returned previous earnings.

The judgment of the circuit court is reversed, with instructions to overrule the appellees' demurrer to the second and third of appellant's replies.

Filed April 2, 1895.