The American Mutual Life Insurance Company v. Stewart.

No. 1,674.

## THE AMERICAN MUTUAL LIFE INSURANCE COMPANY v. STEWART.

APPELLATE PROCEDURE.—*Error in Striking Out Part of Answer, How Saved.—Bill of Exceptions.*—To present for review the ruling of the trial court in striking out a part of an answer, it is necessary that the ruling should be preserved in a bill of exceptions, reduced to writing at the time, or within the time allowed by the court in which to file the bill of exceptions.

SAME.—*Record Entry.—Order of Court.—Position in Record.*—An entry copied by the clerk in a record on appeal, as follows : "And the parties are given ninety days to file bill of exceptions," will not be regarded as an order of court, where contained between the signature and *jurat* of an affidavit contained in the record, but as part of such affidavit.

From the Elkhart Circuit Court.

*H. C. Dodge*, for appellant.

*O. Z. Hubbell* and *O. M. Conley*, for appellee.

Ross, J.—This action was based upon a judgment rendered in the superior court of Carteret county, North Carolina, in favor of appellee and against the appellant.

The appellant assigns three specifications of error for which he asks a reversal of the judgment of the court below, namely: 1. "The court erred in sustaining appellee's motion to strike out a part of the second answer of appellant ;" (2) " The court erred in overruling appellant's motion for a new trial," and (3), " The court erred in refusing to direct a verdict for the defendant after the plaintiff had rested."

The motion to strike out a part of the appellant's second paragraph of answer was filed on the 6th day of

March, 1894, the same being the second judicial day of the March term of said court, and on the succeeding day the motion was sustained, and an exception noted, but no time asked or given in which to file a bill of exceptions. The cause was tried at the May term, 1894, of said court, and on the 18th day of June a motion for a new trial filed, which was overruled on the 6th day of July, and an exception saved. On the 1st day of October, 1894, the same being the first day of the October term of said court, appellant filed its three separate bills of exceptions, containing those parts of the second paragraph of the answer which had been stricken out on the motion of appellee, certain affidavit filed with and in support of the motion for a new trial, and the evidence introduced on the trial of the cause.

It is well settled that rulings made in the formation of issues must be excepted to at the time they are made, and if they are such that they must be made part of the record by bill of exceptions, they must be reduced to writing at the time and filed, or leave must be granted at that time to reduce them to writing and to file them at a subsequent time. *Thomas* v. *Griffin*, 1 Ind. App. 457.

No time was given by the court, so far as we have been able to find, in which to file bills of exceptions, for the purpose of preserving and bringing into the record either the motion to strike out part of the answer with the ruling thereon, or the evidence given on the trial of the cause. It is true that, at a point in the record where the clerk has copied an affidavit filed by appellee in opposition to appellant's application for a new trial, following the signature to, but before, the *jurat* of the affidavit, we find the words and figures following : "And the parties are given ninety days to file bill of exceptions," but this must be regarded as a part of the affidavit,

because embodied in it, and not as an order of the court.

As heretofore stated, in order that appellant might avail itself of the ruling of the court on the motion to strike out parts of the answer, it was necessary either that it, at the time of the ruling, save the question by proper bill of exception, or obtain leave to do so within a stated time.     This it did not do.     The motion to strike out, together with the rulings thereon, are not, therefore, part of the record, hence cannot be considered. For the same reason the evidence is not properly in the record.

Judgment affirmed.

Filed November 20, 1895; petition for rehearing overruled January 10, 1896.