## BARTH v. PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 6,937.   Filed January 7, 1910.   Rehearing denied February 25, 1910.]

1. RAILROADS.—*Rights of Way.*—*Contracts.*—A railroad company receiving a grant of a right of way on which to build switches must abide by the conditions of such grant. p. 436.
2. RAILROADS.—*Violating Easement Rights.*—*Increase of Hazard.*— A railroad company that violates the provisions of a right of way contract, thereby increasing the hazard to the grantor's property, can be enjoined. p. 436.

From Floyd Circuit Court; *William C. Utz*, Judge.

Suit by Elizabeth Barth against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*John D. Welman* and *Charles L. Jewett*, for appellant.

*M. Z. Stannard* and *McIntyre, Bulleit & James*, for appellee.

ROBY, J.—Appellant is the owner of certain lots in New Albany. On September 2, 1903, she executed an instrument

in writing, by the terms of which she authorized appellee to construct and operate a side-track across said real estate, thereby connecting its main track with two certain manufacturing establishments. It was specified that the width of land to be occupied for this purpose should not "exceed fourteen feet," and the description of the track to be constructed was otherwise as follows: "Beginning at a point in the southerly main track of the aforesaid railway east of Eighth street at New Albany station, on the Louisville division of said railway, in the county of Floyd, State of Indiana, and extending southeastwardly to the west line of Eleventh street, projected southwardly to the Ohio river, in said city." A blueprint showing said track in its entirety is made an exhibit to said instrument. The course of Eleventh street is at right angles to appellee's main line, and the east side of Eleventh street is shown as the eastern terminus of the siding.

Plaintiff in her complaint avers that defendant in disregard of the limitations contained in said contract, has partially constructed and is about to lay down a railroad track extending indefinitely east of Eleventh street, for the purpose of operating and running trains of cars and locomotives thereon and transporting goods in the transaction of business in certain factories and elevators erected and being erected east of Eleventh street; that such addition to said track will greatly increase the traffic over plaintiff's said lots; that the movement of cars and engines will be practically continuous; that plaintiff's buildings will be subjected to an additional hazard from fire; that said real estate will be depreciated in value by such additional use, and that great and irreparable damage will be suffered, unless the defendant be enjoined from making the contemplated addition to, and the use of, said track. The court sustained a demurrer to this pleading. Plaintiff refused to plead further, and appeals.

Appellee sustains its judgment by the statement of two

propositions: (1) That the contract is an executed license from, and not a lease by, appellant; (2) that the acceptance of the license and the expenditure of large amounts of money thereunder estop appellant from revoking it. Appellee's right in appellant's real estate is measured by the contract formed by its acceptance of her written grant. *Alcorn* v. *Morgan* (1881), 77 Ind. 184. It is limited by an instrument which does not confer the right to extend the siding beyond Eleventh street. It is simply a matter of abiding by a contract. This will have to be done by both parties. Appellee may as well appropriate twenty-five or one hundred feet in width across appellant's lots as to extend the switch as it proposes.

The case made is a proper one for injunctive relief. That there is some hazard to a frame building, situated in proximity to a railroad track, from fire, made necessary by the use of steam-power, is well known. That the increased use of the track will increase such hazard is succinctly averred. Appellant ought not to be required to take such additional chances. *Ferris* v. *American Brewing Co.* (1900), 155 Ind. 539, 52 L. R. A. 305; *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568; *Simpson* v. *Pittsburgh, etc., Glass Co.* (1902), 28 Ind. App. 343.

Judgment reversed and cause remanded, with instruction to overrule the demurrer to the complaint and for further proceedings.