## WEBSTER v. PRESSLEY ET AL.

[No. 11,070. Filed January 3, 1922.]

1. LANDLORD AND TENANT.—*Term of Lease.—Evidence.—Acceptance of Rental Receipts Stipulating Term.*—Where receipts for rent were each for the term of one month from the first day of the month, and were each accepted and retained by the tenant, the court might reasonably infer that they expressed the contract between the parties as to the length of the tenancy, and that it was a tenancy from month to month, and not from year to year. p. 248.

2. APPEAL.—*Review.—Findings.—Conclusiveness.*—Where there is some evidence to support the findings of the trial court, the judgment based on such findings will not be disturbed on appeal. p. 249.

From Marion Circuit Court (33,602); *Harry O. Chamberlain*, Judge.

Action by Andrew R. Pressley and another against Ernest Webster. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Franklin McCray* and *Frank S. Roby*, for appellant.
*Holmes & McCallister*, for appellees.

NICHOLS, J.—Action by appellees against appellant for the possession of real estate which had theretofore been occupied by appellant as tenant.

The complaint charges that appellant unlawfully holds over and detains possession to appellees' damage. Appellant contends that the evidence shows him to

1. have been a tenant from year to year, and that the evidence did not show a termination of such tenancy, while appellees contend that the evidence shows that the tenancy was from month to month, and that it was duly terminated. It appears by the evidence that appellant rented the property involved from appellees' grantor, in June, 1916, at $30 per month; that four months thereafter, the rent was reduced to $27.50 per month; that appellees purchased the property in January, 1917; that appellees raised the rent in August, 1919, to $30, and in April, 1920, to $37.50. Appellant acquiesced in these changes of the rent none of which were at the end of a year's occupancy. Such changes are not supportive of the contention that the tenancy was from year to year. Appellees gave receipts for rent for April, May, June, July, and August, 1920, each of which was for the term of one month from the first day of the month. The court might reasonably infer from these receipts, signed by the one and accepted and retained by the other, that they expressed the contract between the parties as to the length of the tenancy.

*Munson* v. *Wray* (1845), 7 Blackf. 403; *Dale* v. *Evans* (1860), 14 Ind. 238; *Alcorn* v. *Morgan* (1881), 77 Ind. 184; *Heywood* v. *Fulmer* (1892), 158 Ind. 658, 32 N. E. 574.

September 29, 1920, appellees served a written notice on appellant for possession of the property November 1, 1920, which notice was in due statutory form. See §§8055, 8056, 8060 Burns 1914, §§5209, 5210, 5214 R. S. 1881.

From the foregoing evidence the court, by its general finding, found that the tenancy was a monthly tenancy, and that it had terminated when this suit began.

2. It is true that there is controversy as to whether the receipts were received and accepted, and it is true that appellant testified that he leased of appellees' grantor for the term of one year, but the court has found against appellant as to these matters, and as there is some evidence to support the finding, the judgment thereon will not be disturbed. *McReynolds* v. *Smith* (1909), 172 Ind. 336, 86 N. E. 1009; *Schaffner* v. *Voss* (1910), 46 Ind. App. 551, 93 N. E. 235.

The judgment is affirmed.