## FISHER v. COLUMBIA NATIONAL BANK ET AL.

[No. 8,618. Filed November 19, 1913.]

1. RECEIVERS.—Acceptance of Lease.—Election.—During the reasonable time to which the receiver of a lessee is entitled to the possession of the leased premises before making an election as to whether he will adopt the lease, he is not required to cease all activities on the leased premises or with regard to the leased property. p. 561.

2. RECEIVERS.—Acceptance of Lease.—Burden of Proof.—A lessor, seeking to recover rent from the lessee's receiver, has the burden of proving an election by the receiver to adopt the lease. p. 561.

3. RECEIVERS.—Acceptance of Lease.—Election.—Reasonable Time.—What is a reasonable time for an election by the receiver for a lessee as to whether he will adopt the lease, must be determined from all the circumstances and facts of the particular case. p. 561.

4. RECEIVERS.—Acceptance of Lease.—Election.—Reasonable Time.—The receiver of an insolvent lessee has a reasonable time in which to conduct the lessee's business and ascertain if it will be profitable to the estate to retain the lease before electing to adopt same, and, where there was no evidence as to the magnitude of an insolvent's business, except that it did business in at least two states, the court cannot say that a period of two months and twelve days was an unreasonable time for the receiver to occupy the premises before electing not to adopt the lease. p. 561.

5. RECEIVERS.—Acceptance of Lease.—Election.—Liability for Rent on Failure to Adopt Lease.—The receiver for an insolvent lessee is liable for the reasonable rental value of the leased premises

during the reasonable time he occupies same before electing not to adopt the lease, and, where, during such period, a receiver pays rent according to the terms of the lease, such fact is not to be taken as an indication of election to adopt the lease, but merely as an indication that he believes the premises to be reasonably worth the agreed amount.  p. 562.

From Superior Court of Marion County (83,550) ; *Joseph Collier,* Judge.

Action by Lucius G. Fisher as an intervening petitioner in a receivership cause, entitled Columbia National Bank against the Jenney Electric Company, and from an adverse judgment such petitioner appeals.  *Affirmed.*

*Ullman, Hoag & Davidson* and *Henry Douglass Pierce, Jr.,* for appellant.

*William L. Taylor,* for appellee.

Ibach, J.—This is an action for rent, under a lease for certain premises in Chicago, Illinois, brought by Lucius G. Fisher of Chicago as an intervening petitioner in a receivership cause, entitled Columbia National Bank v. Jenney Electric Manufacturing Company.  Neither defendant filed an answer to the intervening petition, and the cause went to trial on the issue made by the disallowance of the petitioner's claim by the receiver.  The court found against appellant and disallowed the claim.  It is assigned that the court erred in overruling appellant's motion for new trial, on the grounds that the decision was contrary to law, and was not sustained by sufficient evidence.

The cause was submitted on an agreed statement of facts. The facts are substantially the following:  On January 22, 1910, Lucius G. Fisher was the owner of the Fisher Building in Chicago, and on said date he entered into a lease with the Jenney Electric Manufacturing Company for certain premises in said building from May 1, 1910, to April 30, 1911, at a certain stipulated rent.  On January 30, 1911, the same parties entered into another lease for the same premises for the year beginning May 1, 1911, and expiring

April 30, 1912, at a certain rent. On April 18, 1911, the Security Trust Company was appointed receiver for the Jenney Electric Manufacturing Company. The receiver continued possession of these premises for the remaining twelve days of April, 1911, that is, the remaining period of time under the first lease, and for two months thereafter, May and June, 1911, that is, the first two months of the period covered by the second lease. The receiver kept possession under the terms and conditions of the two leases, and paid rent in full for the time possession was kept, by checks of the Security Trust Company, receiver, by R. A. Young, secretary and treasurer. During last few days of June, 1911, said receiver sent written notice to Fisher that it would cancel said lease on June 30, 1911, and vacated said premises on that date. Fisher did not accept said premises or the keys thereto, and did not agree to the surrender of said premises. This office in the Fisher building was the only office of the Jenney Electric Manufacturing Company in Chicago, and the receiver conducted its business in such office while in possession. The premises remained vacant for a portion of the remainder of the term of the second lease, and it was for the rent for said premises which accrued for said period said premises were vacant, that appellant filed his verified claim with the receiver and subsequently upon disallowance of said claim by the receiver filed his intervening petition in the receivership cause before mentioned. From the disallowance of his claim by the lower court, he appeals to this court.

The only question presented is whether the court erred in holding that the receiver was not bound by the covenants of the lease, and was therefore excused from the payment of appellant's claim as contended for in his intervening petition. Appellant admits the rule to be that a receiver for a lessee is entitled to elect whether he shall take and adopt a lease made by said lessee, or whether he shall refuse to take and adopt said lease; and that a receiver in such case has

a reasonable time within which to make his election. Appellant's contention that the receiver made himself liable rests upon two grounds: (1) That more than reasonable time, under the circumstances, elapsed for the receiver to make his election; (2) that all the facts and circumstances of the case show an election by the receiver to adopt this lease and incur and assume liability for the rent therefor. It is asserted that the carrying on of the business of the company in the leased premises and the payment of rent according to the terms of the lease constituted an election.

During the reasonable time to which a receiver of a lessee is entitled to the possession of the leased premises before making an election as to whether he will adopt the

1.  lease, he is not required to cease all activities on the leased premises, or with regard to the leased property. Quoting from the opinion in the case of *Johnson* v. *Lehigh Valley Co.* (1904), 130 Fed. 932, 941. "Receivers are allowed a reasonable time to determine and elect whether they will assume any of the corporation's executory contracts, such as the lease in question, meanwhile exercising the company's rights under it for the purpose of such determination, involving questions of the respective interests of creditors, secured and unsecured, and stockholders, whether the contract can be operated at a profit, or, even if at a loss, temporary or otherwise, whether upon the whole, for the ultimate benefit of any of the persons interested, and requiring practical tests of its operation." The bur-

2.  den of proof is upon appellant as plaintiff to show an election by the receiver to adopt the lease. What is a reasonable length of time for the election is a

3.  question to be determined from all the circumstances and facts of the particular case. See note, 59 L. R. A. 682, (b), and cases cited. In this case, there is no

4.  evidence as to the magnitude of the insolvent company's business, except that it appears that it does

business in at least two states. The agreed statement of facts is somewhat meager. From it, we cannot say that the business of the Jenney Electric Company was not of such magnitude and complexity that the period of time for which the leased premises were occupied by the receiver before making his election not to adopt the lease was an unreasonable period. The receiver had a right to conduct the business during a reasonable period in order to ascertain whether it would be profitable to the insolvent estate to retain the lease. During the time of this occupancy,

5. he would be liable for the reasonable rental value of the premises for that period. The fact that he paid rent according to the terms of the lease may be taken as an indication that he believed the premises to be reasonably worth the agreed amount, and not as an indication to elect to adopt the lease for its entire term. We are satisfied that the agreed statement of facts does not show that the receiver elected by his acts to adopt the lease, or that he consumed an unreasonable length of time before notifying the lessor that he did not intend to accept it. Judgment affirmed.

NOTE.—Reported in 103 N. E. 119. See, also, under (1) 34 Cyc. 261, 263; (3, 5) 34 Cyc. 263. As to when appointment of receiver is proper, see 72 Am. St. 29. As to liabilities of receiver, see 120 Am. St. 277. As to liability for rent of premises occupied by receiver or assignee for creditors, see 59 L. R. A. 673. As to duty and power of a receiver with respect to existing contracts, see Ann. Cas. 1912 C 949.