### Patricia L. BOWLBY, Appellant–Intervening Defendant,

v.

### NBD BANK, f/k/a Midwest Commerce Banking Company, Appellee–Plaintiff,

William W. Mills, Ed Wilsey, State of Indiana, Treasurer of Elkhart County, Architects Incorporated, Frances L. Mills, Appellees–Defendants,

FM Properties, Appellee–Receiver.

No. 20A03–9508–CV–284.

Court of Appeals of Indiana.

April 30, 1996.

Transfer Denied Sept. 30, 1996.

Charles S. Leone, John D. Stoddard, Botkin Leone & Eslinger, South Bend, for Appellant.

J. Scott Troeger, Paul E. Becher, Barnes & Thornburg, Elkhart, for Appellee.

## OPINION

STATON, Judge.

Patricia L. Bowlby ("Bowlby") appeals from the trial court's award of nominal damages in her favor. In her appeal, Bowlby presents two issues for our review which we consolidate into one and restate as: whether the trial court erred in awarding Bowlby nominal damages.

We affirm.

This is the second appeal in this case. We now review the trial court's judgment on remand following this court's reversal of a judgment approving the receiver's, FM Properties ("Receiver"), rejection of Bowlby's lease in violation of her procedural due process rights. *See Bowlby v. NBD Bank,* 640 N.E.2d 1095 (Ind.Ct.App.1994).

We restate the facts from our earlier decision as follows:

The trial court appointed FM Properties as a receiver over property owned by William Mills and subject to five mortgages held by NBD Bank, formerly known as Midwest Commerce Banking Center. NBD requested the receivership when it filed a foreclosure action on the mortgages. Patricia Bowlby leased a portion of the property from either Mills or the Brookdale Club, the business operated on the mortgaged property . . .

\* \* \* \* \* \*

Receiver filed a petition for court approval of rejection of leases on February 3, 1993, requesting the court to approve rejection of, among others, the lease of Patricia Bowlby, and further requesting the right to "use all personal property (except liquor stock) now existing in the kitchen, lounge, bar and dance floor area of the Brookdale

Club in the operation of the business of the Brookdale Club pending Court determination of the ownership of said property...." On the same day, the trial court approved rejection of the lease ... On February 16, Bowlby filed a motion to intervene as defendant in the action in order to assert her interest as a tenant of the property. She was allowed to intervene and subsequently filed a motion to correct errors in the trial court's order approving rejection of her lease, raising the sole issue that the trial court's order violated her due process rights by depriving her of real and personal property interests without notice or opportunity for hearing. The trial court denied the motion to correct errors and this appeal ensued....

*Id.* at 1097–1098.

On appeal, this court determined that the trial court's order approving the Receiver's rejection without affording Bowlby notice and an opportunity to be heard, deprived Bowlby of her property interest in the leasehold without due process of law. *Id.* at 1099–1100.

Following this court's decision, Receiver petitioned the trial court to schedule a hearing on its request for court approval of the rejection of the lease between Mills, the Brookdale Club, and Bowlby, and that notice of the hearing be sent to all counsel of record. Thereafter, Bowlby filed a claim against the assets of the receiver for property losses she sustained as a result of the termination of her lease. On January 30, 1995, the trial court ordered Bowlby's claim be filed and that the matter be set for a hearing.

On February 1, 1995, the trial court, unsure of the procedure following this court's ruling, allowed Receiver to present evidence regarding the propriety of the prior rejection of Bowlby's lease. Bowlby objected, arguing that the post-deprivation hearing was insufficient to cure the violation of her procedural due process rights and did not present any evidence of damages resulting from this violation.

Following the parties submission of briefs on the underlying issues, the trial court awarded Bowlby nominal damages of $100.00. Citing *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the trial court determined that the only procedure for it to follow on remand was "to hold a hearing to determine whether the rejection of the lease would have been proper had there been no due process violation, and then to award damages accordingly." Record at 800. The trial court then found that Receiver presented sufficient evidence to show that Bowlby's lease would have been rejected despite the due process violation, and awarded her nominal damages as compensation for the constitutional violation. Bowlby appeals this award.

■ We treat this matter as an appeal from a general judgment which, on appeal, will be sustained upon any theory consistent with the evidence. *City of Crown Point v. Rutherford*, 640 N.E.2d 750, 752 (Ind.Ct.App. 1994), *reh. denied, trans. denied.* We will neither reweigh the evidence nor rejudge the credibility of the witnesses. *Id.*

■ Bowlby contends that the post-deprivation hearing was insufficient to cure her previously deprived procedural due process rights. Essentially, she argues that by awarding her nominal damages, the trial court denied her claim for damages against the receivership estate for the value of her terminated leasehold interest. Receiver counters that the trial court's award of nominal damages related only to the procedural due process claim and that this determination does not affect Bowlby's right to pursue her claim.[1] We agree with Receiver.

1. Receiver also argues that Bowlby's claim does not arise from a final, appealable judgment and should be dismissed. A final appealable order, or judgment of the court, is one which disposes of all issues as to all parties thereby ending a particular case. *Doperalski v. City of Michigan City*, 619 N.E.2d 584, 585 (Ind.Ct.App.1993). This judgment does not dispose of all the issues in this case as Bowlby's claim for property damages against Receiver arising from the termination of her lease still exists. However, we may retain jurisdiction and pass upon the severable, adjudicated issue involving the damages resultant from Bowlby's due process violation in accordance with IND.APPELLATE RULE 4(E). *See also*

The United States Supreme Court has determined that the denial of procedural due process should be actionable for nominal damages without proof of actual injury. *Farrar v. Hobby,* 506 U.S. 103, 112, 113 S.Ct. 566, 573–74, 121 L.Ed.2d 494 (1992) (citing *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1053–54, 55 L.Ed.2d 252 (1978)). The Court explained:

> By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.

*Carey, supra.* Therefore, the Court has stated that the awarding of nominal damages is an absolute right when a plaintiff has established the violation of his right to procedural due process but cannot prove actual injury. *Farrar, supra; Carey, supra.* If the state action is justified despite the procedural due process violation, the aggrieved party will be entitled to recover nominal damages. *Carey, supra.*

The gist of the evidence presented by Receiver during the hearing upon remand was whether the trial court would have approved Receiver's rejection of Bowlby's lease notwithstanding the due process violation. Such an inquiry is necessary in order for a court to ascertain damages for a procedural due process violation. *Id.* Based upon the evidence presented, the trial court determined that Receiver had presented sufficient evidence justifying rejection of the lease and awarded Bowlby nominal damages.

Bowlby now contends that she lacked notice of the underlying purpose of the trial court's hearing on remand and that she was denied the opportunity to present evidence on the issue of the damages she incurred as a result of the termination of her leasehold interest. Yet, Bowlby's claim for damages remains intact. The effect of the trial court's hearing on remand was to determine the remedy for the due process violation, not to litigate Bowlby's underlying claim for damages involving the lease. The only issue the trial court could, and did determine, following the February 1, 1995 hearing, was the damages she should be awarded for the due process violation, and the trial court's judgment specifically states, "Because the lease would have been properly rejected absent a due process violation, Ms. Bowlby is entitled only to nominal damages as compensation *for the due process violation.*" Record at 801 (emphasis added).

Because the trial court's determination was specifically limited to the damages owed to Bowlby for the due process violation only and because Receiver presented sufficient evidence to show that the rejection of the lease was justified, we conclude that the trial court acted properly in awarding Bowlby nominal damages for the violation of her due process rights.

Affirmed.

GARRARD and RILEY, JJ., concur.

*Estate of Leinbach v. Leinbach,* 486 N.E.2d 2, 3    (Ind.Ct.App.1986).